J-S51036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAZS B. BRONNER, | |
| Appellant | No. 3408 EDA 2015 |

Appeal from the Judgment of Sentence August 12, 2015
in the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0003294-2014

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 09, 2016**

Appellant, Jazs B. Bronner, appeals from the judgment of sentence imposed on August 12, 2015, following his jury conviction of murder of the third degree and possession of an instrument of crime (PIC).[1]  On appeal, Appellant challenges the discretionary aspects of sentence.  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the trial court's February 16, 2016 opinion and our independent review of the certified record.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2501(a) and 907(a), respectively.

On March 31, 2014, at approximately 11:51[] am, Bucks County Emergency Communications received a report that there was an unresponsive [seventy-three] year old male at 1005 Winder Drive, Bristol, Bucks County, Pennsylvania. Officer Thomas Van Winkle of Bristol Township Police Department[] was the first to respond to the scene. He saw the victim, Orlando Bronner Sr., lying face up on the floor in a large pool of blood, his face, neck, and clothes covered in blood, as well as several blood spots on both sides of the wall and the door jam. Officer Van Winkle contacted detectives because the situation did not look as the reported accident. The victim was transported to Lower Bucks Hospital, where he was pronounced dead.

Annie Bronner, the victim's ex-wife and Appellant's mother, indicated Appellant was the only one home at the time of the incident. Appellant was transported to the Police Station for an interview and read his **Miranda**[2] rights. Appellant explained to the [d]etectives that he was in his bedroom earlier in the morning and believed his father was calling for him. His father asked the Appellant if he was a tough guy, and threw a haymaker, which missed the Appellant. The Appellant then returned a punch, they bear hugged, fell to ground, and his father became motionless. Appellant got up, saw blood under his father's head, so he lifted his father's head. Appellant then saw the dumbbell, moved it away, and panicked. The Appellant searched for the victim's keys to get out of the house, secured his father back inside the house, and left. Appellant then drove approximately [twenty-five] to [thirty] minutes to Trenton, New Jersey, where his mother lives. They then drove back to the scene and immediately called 911. Appellant stated that he knew that his father was gravely injured, and he simply didn't get his father the help he needed because he panicked.

Appellant was not arrested at that time, and after the autopsy was performed, the Appellant was asked to return to the Police Station for a second interview. The Appellant indicated again that the victim only fell one time and could not explain how the autopsy revealed there were multiple injuries. Appellant was then placed under arrest.

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

Dr. Ian Hood, an expert in the field of forensic pathology, testified the victim had several injuries to his head, including bruising, swelling, and faint abrasions around his left eye orbit and temple, a few scratches and abrasions around the left side of his cheek and forehead, several small bruises on the inside of his mouth, bruises on his left arm, and fractures to his skull. Dr. Hood also found fragments of gold paint and gray metal smearing on the victim's skull fragments. Angela Schultheis, an expert in DNA analysis, testified that based on the evidence, there must have been more than one blow in order to have blood spatter throughout the bedroom and on the Appellant's clothing. The injuries sustained and the blood spatter evidence were consistent with the victim having been bludgeoned with the dumbbell.

(Trial Court Opinion, 2/16/16, at 1-3).

On May 6, 2015, a jury convicted Appellant of murder of the third degree and PIC. Following receipt of a pre-sentence investigation report (PSI), on August 12, 2015, the trial court sentenced Appellant to an aggregate term of incarceration of not less than twenty nor more than forty years. On August 20, 2015, Appellant filed a post-sentence motion seeking the opportunity "to present additional evidence and reflections" to the trial court. (Appellant's Motion to Modify and/or Reconsider Sentence, 8/20/15, at unnumbered page 2). Following a hearing, on October 15, 2015, the trial court denied the motion. The instant, timely appeal followed. On November 25, 2015, and January 14, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on January 21, 2016. *See id.* On February 16, 2016, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review:

Whether the [trial] court abused its discretion by sentencing Appellant to the statutory maximum sentence of [twenty] to [forty] years on a third degree murder conviction, when [] Appellant's sentencing guidelines provided for a standard range sentence of not less than [ninety] months nor more than [two hundred and forty] months and an aggravated range of sentence of up to [two hundred and forty] months[?]

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

On appeal, Appellant challenges the discretionary aspects of his sentence. Specifically, he argues that the trial court erred "by not considering all relevant factors and relying on factors already contemplated by the guidelines[.]"[3] (Appellant's Brief, at 13). However, Appellant waived this claim.

Preliminarily, we note, "[i]ssues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004) (citations and internal quotations marks omitted).

---

[3] While the specifics of Appellant's argument are difficult to discern, he seems to claim that the trial court should have taken into account the jury's decision to acquit him of first-degree murder, and should have considered mitigating factors such as his failure to testify, in imposing sentence. (*See* Appellant's Brief, at 15).

Here, as the Commonwealth correctly notes, (**see** Commonwealth's Brief, at 10, 13-16), while Appellant did file a post-sentence motion, the only issue he raised was that he wished to "present additional information and reflections" to the trial court. (Motion to Modify and Reconsider Sentence, 8/20/15, at unnumbered page 2). It is settled that an appellant waives any discretionary aspects of sentence issue not raised in a post-sentence motion; further, an appellant cannot raise an issue for the first time on appeal.[4] **See Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 831 A.2d 599 (Pa. 2003) (finding claim sentencing court did not put sufficient reasons to justify sentence on record waived where issue was not raised in post-sentence motion); **see also** Pa.R.A.P. 302(a). Thus, Appellant waived his discretionary aspects of sentence claim.

Accordingly, for the reasons discussed above, we affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[4] We note that Appellant also failed to raise the issue regarding the court's failure to consider mitigating factors in his Rule 1925(b) statement. (**See** Statement of Matters Complained of on Appeal, 1/21/16, at unnumbered page 1). As amended in 2007, Pennsylvania Rule of Appellate Procedure 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in* **Commonwealth v. Burton**, 973 A.2d 428, 431 (Pa. Super. 2009).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2016