J-S58021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MYGOD KELLY | |
| Appellant | No. 2014 MDA 2015 |

Appeal from the Judgment of Sentence October 16, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003342-2014

BEFORE:  GANTMAN, P.J., BOWES AND PLATT,* JJ.

MEMORANDUM BY Bowes, J.:                    **FILED SEPTEMBER 09, 2016**

Mygod Kelly appeals from the judgment of sentence of twenty-four to forty-eight months imprisonment, with RRRI eligibility set at eighteen months.  The sentence was imposed after Appellant entered a guilty plea to two counts of possession of a controlled substance (cocaine) with intent to deliver ("PWID").  Counsel has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm.

Based upon the following events, Appellant was charged with possession of a firearm by a prohibited person and two counts of PWID.  In August 2014, Yshawn Seabrook was a fugitive wanted for a homicide that he

_____
*  Retired Senior Judge assigned to the Superior Court.

committed in New York. Investigating authorities obtained information linking Seabrook to 54 Reno Lane, Wilkes-Barre. On August 13, 2014, United States Marshals, Wilkes-Barre Police, and New York police went to 54 Reno Lane in search of Seabrook. When they arrived, Appellant and Kenneth Williams were sitting on the front porch. Williams told the authorities that he was renting the residence, and Appellant reported that he had been living there for two months. Both men denied knowing Seabrook, but they granted the police and federal marshals permission to search the home for the fugitive.

Pursuant to that consensual search, the authorities observed a plate of cocaine and two guns. Appellant and Williams were arrested, and, during a search incident to his arrest, Appellant was found in possession of cocaine, which was inside knotted plastic baggies, and $190 in cash. Thereafter, police obtained a search warrant for 54 Reno Lane, and recovered the aforementioned plate and weapons as well as drug-dealing paraphernalia. Appellant had criminal convictions, including several for drug-trafficking offenses.

After the charges were filed, Appellant litigated an unsuccessful motion to suppress all the evidence seized from his person and at 54 Reno Lane. The firearms charge was thereafter severed from the two counts of PWID for purposes of trial. On August 3, 2015, the day that the jury trial was scheduled, Appellant pled guilty to one count of PWID for possession of 5.78

grams of cocaine and another count of PWID for possession of 11.54 grams of cocaine. N.T. Guilty Plea, 8/3/15, at 19. The firearms offense was withdrawn. Both PWIDs were ungraded felonies with a maximum penalty of ten years imprisonment, and, while there was no agreement as to the maximum sentence to be imposed, the sentence on each offense had to be imposed concurrently to each other. *Id*. The Commonwealth also indicated that it would not object to a sentence of intermediate punishment. A presentence report was ordered.

The matter proceeded to sentencing on October 16, 2015, and the court had reviewed the presentence report. Appellant had a prior record score of three and the standard range of the guidelines for both offenses was eighteen to twenty-four months. Appellant received a sentence of eighteen to thirty-six months imprisonment for the PWID of 5.78 grams of cocaine and a concurrent sentence of twenty-four to forty-eight months for the PWID of 11.54 grams of cocaine. The sentencing court made Appellant RRRI eligible, with the RRRI minimum being eighteen months. Appellant was informed of his post-sentencing rights, including that he had to file a post-sentence motion within ten days. N.T. Sentencing, 11/16/15, at 9. No objection to the sentence was raised during the October 16, 2015 proceeding.

Appellant did not file a post-sentence motion, but instituted this timely direct appeal. As noted, counsel has moved to withdraw. Since we do not

consider the merits of an issue raised in an **Anders** brief without first reviewing a request to withdraw, we now address counsel's petition to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. **Id**.

Counsel's petition to withdraw states that he made a conscientious examination of the record and determined that this appeal is frivolous. Attached to the petition to withdraw is a copy of a letter that counsel sent to Appellant. In the letter, counsel indicated that he furnished Appellant a copy of the brief and petition to withdraw. Counsel also told Appellant that he had the right to hire a private attorney and urged Appellant to take that action as soon as possible. Counsel then informed Appellant that, alternatively, he could represent himself for purposes of this appeal and raise any issues *pro se* that he felt had merit. Accordingly, counsel has complied with the procedural aspects of **Anders**.

We next examine whether counsel's **Anders** brief meets the substantive elements of **Santiago**. Pursuant to **Santiago**, an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Counsel's brief is compliant with **Santiago**. It contains a summary of the procedure and facts and presents sentencing issues that could arguably support the appeal. Counsel references case law indicating why he arrived at the conclusion that the issues are frivolous. The two issues presented on appeal are "1. Should the Court accept jurisdiction to review [Appellant's] sentence? 2. Did the trial court abuse its discretion in sentencing [Appellant]?" Appellant's brief at 3.

Appellant thus raises challenges to the discretionary aspects of his sentence. A defendant does not enjoy an appeal as of right from the discretionary aspects of his sentence. **Commonwealth v. Giordano**, 121 A.3d 998 (Pa.Super. 2015). Instead, merits review of such a claim can be obtained only when a four-part test is satisfied: 1) there is a timely appeal; 2) the issue is preserved in the trial court proceedings and in a Pa.R.A.P.

1925(b) statement; 3) the brief includes a concise statement of the reasons relied upon for allowance of appeal to this Court from the discretionary aspects of a sentence as required by Pa.R.A.P. 2119(f); and 4) that statement raises the existence of a substantial question that the sentence is not appropriate under the Sentencing Code. *Id*.

Herein, Appellant cannot obtain review of the discretionary aspects of his sentence in that no challenge in that respect was preserved during the trial court proceedings. Appellant raised no objection to the sentence when it was imposed, and he failed to file a post-sentence motion. Hence, any contention relating to the discretionary aspects of his sentence is waived. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa.Super. 2003) (citation omitted) ("[I]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

We have conducted an independent review of the record, as required by ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa.Super. 2015), and have concluded that there are no preserved issues of arguable merit that can be raised in this appeal. Hence, we concur with counsel's assessment and allow him to withdraw.

Petition of Michael C. Kostelaba, Esquire, to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/9/2016</u>