**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gary MANN, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 7, 2002.

Filed March 25, 2003.

---

Bernard L. Siegel, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: DEL SOLE, P.J., TODD and OLSZEWSKI, JJ.

OPINION BY DEL SOLE, P.J.: ·

¶ 1 Appellant Gary Mann appeals from his judgment of sentence following denial of his post-sentence motions. Upon review, we affirm.

¶ 2 The facts of this case were summarized by the trial court as follows:

The evidence presented at trial established that on August 29, 1999, at approximately 11 p.m., Arthur Adams, Jr. met Hugh Davis and the two men went to Davis' mother's home and then, between 12:30 and 1 a.m., to a speakeasy located at Cumberland and Cleveland Streets, where they each had a shot of alcohol and purchased beer to go. As the two men drove home in Mr. Adams' red Honda Prelude, they turned off Girard Avenue and headed toward Markoe Street to purchase marijuana near 862 North Markoe Street. Because Mr. Adams had to urinate, they stopped at Ogden and Markoe Streets and while Mr. Adams urinated, a crowd of six to ten people were gathered outside at a residence that had an umbrella on Markoe Street. When a member of the crowd shouted to Mr. Adams that he could not urinate there, Adams replied "I got to go to the bathroom." Two men emerged from the crowd, and defendants Gary Mann and Richard Jones fired approximately seventeen (17) rounds at both Adams and Davis as they stood near Adams' vehicle. Davis was able to hide in the passenger seat of the vehicle, but Adams was unable to get inside the vehicle. Adams was shot three times in the chest and he was taken by police to the Hospital of the University of Pennsylvania where he died approximately two weeks later on September 12, 1999. Mr. Adams who was 41 years old, died as a result of the gunshot wounds to the chest. The defendant and his co-defendant were later seen laughing and joking about the incident.

In what appeared to be an unrelated incident, defendant was approached by police on September 1, 1999, on the 800 block on Markoe Street. Suddenly, the defendant fled and as he did so, he threw a black handgun into a vacant lot on the 4600 block of Parrish Street. Police recovered a loaded .40 caliber automatic pistol from the lot. The defendant was not arrested at that time. Two months later, Officer Cannon of the police Firearms Identification Unit, was asked to compare .40 caliber shell casings, which were among the seventeen (17) casings recovered from the murder scene, with this black handgun that the defendant had abandoned just two days after the murder. Officer Cannon found that at least ten of the cartridges, and possibly one other cartridge, were fired from the same .40 caliber Smith & Wes-

son handgun that defendant threw into the vacant lot.

Trial Court Opinion, 8/9/01, at 2–3.

¶ 3 Appellant was arrested and charged with murder, possession of an instrument of crime, criminal conspiracy, reckless endangerment of a person, and violation of the Uniform Firearms Act ("VUFA"). Following a jury trial, Appellant was convicted of all charges. The trial court sentenced Appellant to serve not less than fifteen nor more than forty years' imprisonment for third-degree murder and to a consecutive term of no less than eight nor more than sixteen years' imprisonment for conspiracy. Appellant was also sentenced to serve not less than twelve, nor more than, twenty-four months' imprisonment for the violation of the Uniform Firearms Act, reckless endangerment of a person, and for possessing an instrument of crime. This sentence was to run concurrently with the sentences for murder and conspiracy.

¶ 4 Appellant filed a post-sentence motion which was denied. This timely appeal followed.

¶ 5 On appeal, Appellant presents the following issues:

Did Appellant receive effective assistance when his trial attorney called Appellant's mother as a witness to describe his prior criminal record, including convictions for violent crime, even though the Commonwealth would have been unable to present such evidence?

Was the evidence sufficient to support the verdicts of guilty when the evidence, in the form of testimony from the sole eyewitness, was so contradictory, speculative and inconsistent as to render any verdicts thereon the product of guesswork and conjecture?

Did the trial court err in denying a motion for a new trial based on the verdict being against the weight of the

evidence, when the evidence was so equivocal, speculative, contradictory and inconsistent as to constitute a grave injustice, requiring a new trial in order to give justice a chance to prevail?

Did the trial court grossly abuse her sentencing discretion in imposing so severe and lengthy a sentence without proper articulation of reasons for it?

Appellant's Brief at 3.

■ ¶ 6 Appellant first argues that trial counsel was ineffective for calling Appellant's mother as a witness and having her testify about Appellant's prior criminal record. Appellant's Brief at 9. Appellant maintains that there was no reasonable basis for trial counsel's action and that this decision prejudiced Appellant and the outcome of the trial. Appellant's Brief at 9–13.

¶ 7 We must first address the recent decision of our Supreme Court in *Commonwealth v. Grant*, —— Pa. ——, 813 A.2d 726 (2002). The *Grant* Court announced that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review. *Commonwealth v. Grant*, 813 A.2d 726. The Supreme Court cited the following reasons in support of its decision:

. . . the role of appellate counsel may not include raising claims that are not contained in the record certified for appeal; that the record may not be sufficiently developed on direct appeal to permit adequate review of ineffectiveness claims; and that appellate courts do not normally consider issues that were not raised and developed in the court below.

*Grant*, 813 A.2d at 737.

¶ 8 In this case, new counsel filed a post-sentence motion raising the claim of ineffectiveness. A hearing on the motion was conducted, and the trial court ruled on the merits of the claim. Thus, there was am-

ple opportunity to fully develop the ineffectiveness claim. Moreover, nothing would be gained by refusing to review the claim on direct appeal and requiring that the claim be raised in a Post–Conviction Relief Act petition. If another hearing were conducted, the same testimony as that given in the hearing on the post-sentence motion would be presented.

¶ 9 Here, we have the benefit of a fully-developed record upon which we can rely in addressing the claim of ineffectiveness. In addressing this claim of ineffective assistance of counsel, we would be conducting meaningful appellate review of the trial court's ruling. We are not here presented with the scenario that was contemplated, and guarded against, in *Grant*. Accordingly, we find that *Grant* does not apply in this case and that we may properly review the claim of ineffective assistance of counsel.[1]

▪▪▪ ¶ 10 Trial counsel is presumed to be effective and Appellant has the burden of proving otherwise. *Commonwealth v. Williams*, 524 Pa. 218, 570 A.2d 75, 81 (1990). To demonstrate ineffective assistance of counsel, one must show:

> (1) that the [underlying] claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the

outcome of the proceedings would have been different.

*Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (1999). Counsel will not be deemed ineffective for failing to raise a meritless claim. *Commonwealth v. Tilley*, 566 Pa. 312, 780 A.2d 649 (2001).

¶ 11 We find Appellant's claim of ineffective assistance lacks merit. Trial counsel testified that the strategic basis for his action in calling Appellant's mother as a witness was to have her explain Appellant's past experiences and why he fled when approached by the police. We agree that trial counsel's action had a reasonable basis. *See Commonwealth v. Collins*, 519 Pa. 58, 545 A.2d 882, 886 (1988) (where counsel's decision to eschew particular defense theory was a "reasonably based approach designed to effectuate her client's interest," it is not for the court to substitute its determination as to which of various alternatives would have better promoted the client's interests).

▪▪ ¶ 12 Moreover, Appellant was not prejudiced by the testimony of his Mother. Based on the other testimony presented at trial, we find that there was sufficient evidence to support his conviction. In order to establish a claim of ineffectiveness, an appellant must show that, but for counsel's act or omission, there is a reasonable probability that the result would have been

1. We note that Rule 720(B)(3)(b) of the Pennsylvania Rules of Criminal Procedure provides that during the disposition period in which the court is required to rule on a post-sentence motion, upon motion of the defendant, for good cause shown, the judge may grant a 30–day extension for decision on the motion. Pa.R.Crim.P. 720(B)(3)(b). The comment to this rule adds that "[i]n most cases, an extension would be requested and granted when new counsel has entered the case." Comment to Pa.R.Crim.P. 720(B)(3)(b). Thus, it appears that the rule contemplates the occasion of an ineffective assistance of counsel claim being raised on direct appeal, and allows the trial court to order an extension of time and to conduct a hearing on the issue. Accordingly, the Rules of Criminal Procedure allow for the trial court's consideration of these claims in the context of post-sentence motions. It follows that this Court should be able to conduct appellate review of these claims on direct appeal where the claim of ineffectiveness has been fully developed and considered. This rule provides further support for our interpretation of *Grant*.

different. *Commonwealth v. Petras,* 368 Pa.Super. 372, 534 A.2d 483 (1987). In this case, we do not believe that the absence of his Mother's testimony would have resulted in a different outcome for Appellant.

¶ 13 Next, Appellant argues that there was insufficient evidence to sustain his convictions. When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt. *Commonwealth v. Drumheller,* 570 Pa. 117, 808 A.2d 893, 907–908 (2002).

¶ 14 Appellant simply states that there was insufficient evidence to support his convictions. Appellant fails to identify any element of any of the crimes for which he was convicted that was not established by sufficient evidence. Moreover, based upon our review of the record we find that there was sufficient evidence to support Appellant's convictions. Dolores Myers, an eyewitness to the shooting, identified Appellant as one of the shooters, Appellant was seen throwing a handgun into a vacant lot by police, and the handgun thrown into the vacant lot was the same gun used in the shooting of the deceased. Thus, this claim fails.

¶ 15 Thirdly, Appellant argues that the verdicts were against the weight of the evidence and that the trial court erred in denying his motion for a new trial on this basis. Appellant's Brief at 15–16. Because a motion for a new trial on this basis is addressed to the discretion of the trial court, appellate review is a review of the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. *Commonwealth v. Brown,* 538 Pa. 410, 648 A.2d 1177 (1994). Our Supreme Court has stated:

> In reviewing the entire record to determine the propriety of a new trial, an appellate court must first determine whether the trial judge's reasons and factual basis can be supported. Unless there are facts and inferences of record that disclose a palpable abuse of discretion, the trial judge's reasons should prevail. It is not the place of an appellate court to invade the trial judge's discretion any more than a trial judge may invade the province of a jury, unless both or either have palpably abused their function.

*Brown,* 648 A.2d at 1190.

¶ 16 Upon review, we find no abuse of discretion by the trial court in determining that the verdicts were not against the weight of the evidence. The fact finder's determinations are supported by the record. Thus, we find this claim to be without merit.

¶ 17 Lastly, Appellant argues that the trial court abused its discretion in sentencing him. Appellant's Brief at 17. Appellant maintains that the trial court impermissibly and excessively sentenced him to consecutive terms of imprisonment. Appellant's Brief at 17. Furthermore, Appellant maintains that the trial court erred in failing to consider the applicable guidelines and in failing to state on the record the reasons for its departure from the guidelines. Appellant's Brief at 19–20.

¶ 18 Appellant's claim is a challenge to the discretionary aspects of sentencing. See *Commonwealth v. Martin,* 727 A.2d 1136 (Pa.Super.1999). "The right to appeal a discretionary aspect of sentence is not absolute." *Martin,* 727 A.2d at 1143. We conclude that Appellant has failed to preserve his sentencing claim.

[redacted] ¶ 19 Pa. R.A.P. 302 provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Jarvis,* 444 Pa.Super. 295, 663 A.2d 790, 791 (1995). As such, issues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. *Commonwealth v. Petaccio,* 764 A.2d 582 (Pa.Super.2000). Absent such efforts, an objection to a discretionary aspect of a sentence is waived. *Id.*

¶ 20 In the case *sub judice,*. Appellant filed a post-sentence motion alleging that his sentence was unduly severe and that the trial court abused its discretion under the Sentencing Code. However, Appellant failed to raise the specific claim regarding the sentencing court's alleged failure to state the reasons for his sentence on the record. In addition, Appellant did not raise this specific reason during the sentencing hearing. As such, Appellant did not give the sentencing judge an opportunity to reconsider or modify his sentence on this basis, and, therefore, the claim is waived. *See Commonwealth v. Reeves,* 778 A.2d 691, 692–693 (Pa.Super.2001) (by failing to raise the specific claim that the trial court failed to state reasons for sentence on the record in post-sentence motion, the trial court was deprived of opportunity to consider claim and thus the claim was waived on appeal.)

¶ 21 Additionally, Appellant raised this issue in a vague manner in his 1925(b) statement. The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. *Commonwealth v. Lemon,* 804 A.2d 34, 36 (Pa.Super.2002). Pa.R.A.P. 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. *Lemon,* 804 A.2d at 37. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Dowling,* 778 A.2d 683, 686 (Pa.Super.2001). "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." *In re Estate of Daubert,* 757 A.2d 962, 963 (Pa.Super.2000).

¶ 22 Appellant raised this issue in his 1925(b) statement by stating:

> The Court sentenced Defendant to a total term of 23–56 years imprisonment, consecutive to any sentence then being served. Such a sentence was unduly severe under the circumstances of the case and the prior record of the Defendant and constituted a gross abuse of the Court's discretion under the Sentencing Code.

¶ 23 In this statement, Appellant makes no reference to his present claim that the sentencing court erred in failing to place the reasons for the sentence on the record. Appellant's claim was not specific enough to allow the trial court the opportunity to address the claim that he is now raising on appeal. In fact, the trial court does not address this issue in its opinion. Accordingly, we find this issue to be waived.

¶ 24 Even if not waived, Appellant's claim lacks merit. Appellant was sentenced to consecutive terms of imprisonment for his convictions of third degree murder and conspiracy. Appellant was sentenced to 15–40 years' imprisonment for the third degree murder conviction and 8–16 years' imprisonment for the conspiracy conviction. The statutory maximum for third degree murder is forty years. *See* 18 Pa.C.S.A. § 1102(d). The statutory maximum for conspiracy, in this case, is also forty years. *See* 18 Pa.C.S.A. § 905

(conspiracy is a crime of the same grade and degree as the most serious offense which is the object of the conspiracy.)

¶ 25 Despite Appellant's arguments to the contrary, Appellant's sentence is not impermissibly severe. The trial court obtained a pre-sentence report and properly considered Appellant's prior record score of three. Appellant's sentence for third degree murder, which includes a minimum term of fifteen years, is within the standard range of the sentencing guidelines, which calls for a sentence with a minimum range from 10–20 years. Appellant's sentence for the conspiracy conviction is below the mitigated range, as it has a minimum term of eight years and the mitigated range sentence calls for a term from 9–19 years. We find that the trial court considered the sentencing guidelines and properly sentenced Appellant according to those guidelines. Accordingly, we find Appellant's claim lacks merit.

¶ 26 Judgment of sentence affirmed.