J-S46036-16

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
Appellee :
:
v. :
:
CARLOS IVAN MARQUEZ, :
:
Appellant : No. 2800 EDA 2015

Appeal from the Judgment of Sentence August 18, 2015
in the Court of Common Pleas of Lehigh County,
Criminal Division, at No(s): CP-39-CR-0001364-2015

BEFORE:   BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED AUGUST 02, 2016**

Carlos Ivan Marquez (Appellant) appeals from the judgment of sentence imposed following his conviction for delivery of a controlled substance. We affirm.

On July 8, 2015, Appellant entered into a guilty plea to one count of delivery of a controlled substance (cocaine). In exchange for his guilty plea, the Commonwealth agreed that Appellant's minimum sentence would not exceed 21 months, which was the bottom of the standard range of the applicable sentencing guidelines. N.T., 7/8/2015, at 2-4. Under the terms of the agreement, calculation of the maximum sentence was left to the court's discretion. The Commonwealth also agreed to withdraw any remaining charges. After accepting the agreement, the trial court ordered a pre-sentence investigation report (PSI) and agreed to consider whether

*Retired Senior Judge assigned to the Superior Court.

Appellant was eligible for Lehigh County's intermediate punishment Treatment Continuum Alternative Program (T.C.A.P.). ***Id.*** at 9, 14.

On August 18, 2015, following a hearing, Appellant was sentenced to a period of 21 to 60 months' imprisonment. N.T., 8/18/2015, at 12. The court determined that Appellant was ineligible for RRRI, and declined the probation department's T.C.A.P. recommendation on the basis that Appellant's extensive prior record suggested that he was not an appropriate candidate for the program. ***Id.*** at 11-12. Appellant did not file a post-sentence motion, but timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant asks this Court to consider whether "the lower court abused its discretion by imposing sentences which were manifestly unreasonable as the court failed to fully state its reasons for the imposition of the sentences or otherwise failed to review all appropriate factors as required by law." Appellant's Brief at 7.

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted). Objections to the discretionary aspects of sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003).

Instantly, Appellant has satisfied the first requirement by filing timely a notice of appeal.  However, the record reflects that he failed to file a motion to reconsider and modify his sentence.[1] Additionally, Appellant did not raise this issue at his sentencing hearing. *See* N.T., 8/18/2015. Therefore, Appellant has not preserved this issue, and it is waived. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

---

[1] In its brief, the Commonwealth indicates that Appellant filed post-sentence motions which were denied. Commonwealth's Brief at 4. However, the docket and certified record do not bear out this contention.  Additionally, neither Appellant's brief nor the trial court's Pa.R.A.P. 1925(a) opinion mentions post-sentence motions.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>8/2/2016</u>