J-S93039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHEILA MIRRER, | |
| Appellant | No. 1156 EDA 2016 |

Appeal from the Judgment of Sentence March 9, 2016
in the Court of Common Pleas of Monroe County
Criminal Division at No.: CP-45-CR-0001332-2015

BEFORE:  DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 08, 2017**

Appellant, Sheila Mirrer, appeals from the judgment of sentence imposed on March 9, 2016, following her December 2, 2015 open guilty plea to one count each of aggravated assault by motor vehicle, driving under the influence highest rate, and recklessly endangering another person.[1]  On appeal, Appellant challenges the discretionary aspects of her sentence.  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the trial court's May 25, 2016 opinion.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3735.1(a) and 3802(c), and 18 Pa.C.S.A. § 2705, respectively.

On September 1, 2014, [Appellant] was driving south on State Route 191 with her three minor children, ages fourteen, thirteen, and seven. [Appellant] and her children were leaving a family party in the Mount Pocono area, where [Appellant] had consumed several alcoholic beverages. As they traveled home, [Appellant] observed the victim, later identified as Timothy Stevens, hitchhiking down the highway. After nearly hitting Mr. Stevens, [Appellant] stopped and picked him up.

As [Appellant's] vehicle approached a slight bend in the highway, she lost control, left the roadway, and collided with a tree. As a result of the impact, the vehicle spun clockwise and flipped onto its passenger side.

Upon arriving at the scene, emergency personnel found Mr. Stevens trapped in the front passenger seat and unresponsive. After Mr. Stevens was freed from the wreckage, he was immediately transported via emergency helicopter to Lehigh Valley Medical Center for life-saving treatment. Mr. Stevens' blood tested negative for alcohol or controlled substances.

As the first responders worked to free Mr. Stevens from the wreckage, Trooper Shamus Kelleher made contact with [Appellant], who was walking around the scene. [Appellant] told Trooper Kelleher that she had been at a family party and that, after seeing Mr. Stevens hitchhiking down the road, she decided to pick him up. According to [Appellant], she and Mr. Stevens had argued over his destination. [Appellant] claimed that Mr. Stevens then grabbed the steering wheel and pulled it to the right, causing her to lose control of the vehicle. While interviewing [Appellant], Trooper Kelleher detected a strong odor of alcohol and observed that [Appellant's] eyes were bloodshot and glassy. [Appellant] denied that she had consumed any alcohol.

[Appellant] was transported by ambulance to Pocono Medical Center. While there, [Appellant] consented to a blood draw and a sample of her blood was taken for chemical testing. Approximately three days later, Trooper Kelleher received the results, which indicated that [Appellant's] blood alcohol content was [0].22%.

On October 22, 2014, while in a rehabilitation hospital for serious spinal cord injuries, Mr. Stevens spoke with Trooper Kelleher by phone. Mr. Stevens recalled that he was walking down Route 191 when [Appellant] stopped and picked him up. After travelling a short distance, Mr. Stevens noticed that [Appellant] was having difficulty staying on the road and appeared to be highly intoxicated. Just prior to the crash, Mr. Stevens saw that the vehicle had travelled onto the shoulder and was headed directly for a utility pole. Trying to avoid a crash, Mr. Stevens grabbed the steering wheel, attempting to get the vehicle back onto the road. Mr. Stevens could not recall any further details regarding the incident. The injuries Mr. Stevens suffered were permanent and severe.

[Appellant] was subsequently charged with [a]ggravated [a]ssault by [v]ehicle while [d]riving [u]nder the [i]nfluence (DUI), two counts of DUI ([g]eneral [i]mpairment and [h]ighest [r]ate), three counts of [e]ndangering the [w]elfare of a [c]hild, and several summary traffic offenses. On December [2], 2015, [Appellant pleaded] guilty to an amended count of [a]ggravated [a]ssault by [v]ehicle as a felony of the third degree, an amended count of [r]ecklessly [e]ndangering [a]nother [p]erson, a misdemeanor of the second degree, and one count of DUI, a misdemeanor of the first degree. During the hearing, [the trial court] conducted a full colloquy where [Appellant] acknowledged, verbally and in writing, the potential maximum sentences she could receive. After accepting the plea, [the trial court] entered an order scheduling a sentencing hearing, directing [the] [p]robation [d]epartment to prepare a [p]re-[s]entence [i]nvestigation ("PSI") report, and requiring [Appellant] to undergo a comprehensive drug and alcohol assessment.

On March 9, 2016, the sentencing hearing was convened, as scheduled. At the conclusion of the hearing, [the trial court] sentenced [Appellant] to an aggregate period of incarceration of [not less than] ten [nor more than] thirty-six months, less one day, to be served in the Monroe County Correctional Facility, followed by a consecutive four year period of probation, over which [the trial court] retained jurisdiction.[a]

[a] The breakdown of the sentence is as follows: On the [a]ggravated [a]ssault by [v]ehicle conviction, [Appellant] was sentenced to incarceration of [not

- 3 -

less than] nine [nor more than] twenty-four months, less one day, a sentence in the standard range. On the DUI conviction, [Appellant] was sentenced to [not less than] one [nor more than] twelve months, also a sentence in the standard range, followed by a consecutive four year period of probation. The DUI sentence was run consecutive to the [a]ggravated [a]ssault by [v]ehicle sentence. Finally, [Appellant] was sentenced to [not less than] one month [nor more than] twelve months on the [r]ecklessly [e]ndangering [a]nother [p]erson conviction, which sentence was run concurrent to the DUI and [a]ggravated [a]ssault by [v]ehicle sentences.

At the sentencing hearing, [Appellant] did not contest any of the information contained in the PSI report. Before sentence was imposed, [Appellant] and her attorney addressed the [trial c]ourt. [Appellant] apologized to the victim and to her family for the burden caused by her actions. She also requested leniency so that she could return to her children as soon as possible. In addition, [Appellant's] mother and brother spoke on [Appellant's] behalf. In his argument, counsel for [Appellant] acknowledged the severity of the victim's injuries, but requested leniency based on [Appellant's] lack of a prior record. He then asked the [trial c]ourt to "consider splitting the baby in half and giving her somewhere between [not less than three nor more than four and one-half] months with a long tail and if she screws up she goes back to jail."

The assistant district attorney also addressed the [trial c]ourt. She asked that [the trial court] impose an aggravated range sentence of [not less than] twelve [nor more than] twenty-four months incarceration, pointing out [Appellant's] high BAC and the fact that [Appellant's] three minor children were in the vehicle at the time of the crash. She also described, by reference to the [v]ictim [i]mpact [s]tatement, the significant, permanent, and life-altering injuries sustained by the victim as a result of [Appellant's] conduct. Among other things, Mr. Stevens' spinal cord injury required numerous laminectomies and fusions of the C4-C7 vertebrae. At the time of sentencing, Mr. Stevens had resided in a rehabilitation hospital before being moved to a nursing home, where he remained. Although his condition has improved to the point where he can ambulate to some extent, he is not well enough to complete daily tasks

- 4 -

without significant help. His prognosis is unclear but it is unlikely Mr. Steven[]s will []ever be able to work again or live without significant nursing care.

Before imposing sentence, [the trial court] explained [its] reasoning and informed [Appellant] of the facts, information, and documents on which the sentence was based. Specifically, [the trial court] advised [Appellant] that the sentence was based on the record and file in this case, the facts surrounding her plea that [it] accepted, the comprehensive PSI report that had been prepared by [the p]robation [o]ffice, the victim impact statement, the statements made by [Appellant], her attorney, and family members, the argument made by the assistant district [attorney], and the applicable sentencing laws, rules, and guidelines. [The trial court] then stated [its] reasons on the record. . . .

Subsequently, [Appellant] filed a post-sentence motion and an amended motion[b] seeking reconsideration of the sentence. In these filings, [Appellant] expressed her belief that, given her prior record score of zero and the somewhat shorter sentence recommended by [the p]robation [o]ffice, "the total aggregate maximum sentence of [seven] years [was] excessive."

[b] In her first [m]otion to [r]econsider [s]entence, [Appellant's] counsel mistakenly believed that [Appellant] had entered a guilty plea to DUI as an ungraded misdemeanor.

On March 18, 2016, [the trial court] issued an order denying [Appellant's] motion. [Appellant] then filed this appeal.[2]

(Trial Court Opinion, 5/25/16, at 1-5) (record citations omitted).

On appeal, Appellant raises the following question for our review:

---

[2] On April 11, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on April 26, 2016. **See id.** On May 25, 2016, the trial court issued an opinion. **See** Pa.R.A.P. 1925(a).

> Whether the four year consecutive sentence of probation for the offense of [d]riving [u]nder the [i]nfluence [m]inor [o]ccupants was outside the aggravated range of the sentence without specifying sufficient reason for the same as well as whether the consecutive sentence of four years consecutive probation imposed is contrary to 75 Pa.C.S.A. [§] 3804(d) in that the assessment required under 75 Pa.C.S.A. [§] 3814(1) did not indicate that Appellant needed additional treatment pursuant to 75 Pa.C.S.A. [§] 3814(2)(a)[?]

(Appellant's Brief, at 8).

Appellant challenges the discretionary aspects of her sentence. Our standard of review is settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015) (citation omitted).

On appeal, Appellant argues that the trial court "failed to [substantially] articulate" and did not file a contemporaneous written statement setting forth the reasons for the imposition of the probationary tail. (Appellant's Brief, at 10). However, Appellant waived this claim.

Preliminarily, we note, "[i]ssues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived."

*Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004) (citations and internal quotations marks omitted).

Here, while Appellant did file a post-sentence motion and an amended motion to reconsider sentence, the only issue she raised was that "[t]he total aggregate maximum sentence of [seven] years is excessive under the circumstances." (Amended Motion to Reconsider Sentence, 3/16/16, at unnumbered page 1 ¶ 3(c)). It is settled that an appellant waives any discretionary aspects of sentence issue not raised in a post-sentence motion; also, an appellant cannot raise matters for the first time in a Rule 1925(b) statement; lastly, an appellant cannot raise an issue for the first time on appeal. **See Commonwealth v. Coleman**, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for first time in Rule 1925(b) statement are waived); **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 831 A.2d 599 (Pa. 2003) (finding claim sentencing court did not put sufficient reasons to justify sentence on record waived where issue was not raised in post-sentence motion); **see also** Pa.R.A.P. 302(a). Thus, Appellant waived her discretionary aspects of sentence claim.

Accordingly, for the reasons discussed above, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/8/2017