J-S63027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
WILLIAM RONDELL JACKSON   :
  :
Appellant   :   No. 482 WDA 2018

Appeal from the Judgment of Sentence March 23, 2018
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000828-2017

BEFORE:   OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:          **FILED OCTOBER 18, 2018**

William Jackson (Appellant) appeals from the judgment of sentence imposed after a jury found him guilty of simple assault.[1] We affirm.

The trial court summarized the underlying facts:

> On December 21, 2016, Detective Daniel Fisher, Johnstown Police Department, responded to a call for service at 131 Plainfield Ave., Johnstown, Cambria County, Pennsylvania, to investigate a reported crime. After interviewing the involved parties, Det. Fisher learned that [Appellant] entered 131 Plainfield Ave. and got into an argument with [the victim]. Eventually the argument turned into a fight and [Appellant] struck [the victim] in the face. [Appellant] ran out [of] the house, and [the victim] called 911.

Trial Court Opinion, 5/29/18, at 1-2.

Appellant was charged with several crimes as a result of the December 21, 2016 incident. A one-day jury trial was held on February 13, 2018, after

---

[1] 18 Pa.C.S.A. § 2701(a)(3).

---

*Former Justice specially assigned to the Superior Court.

which the jury Appellant convicted Appellant of a single count of simple assault. The trial court deferred sentencing for the preparation of a pre-sentence investigation report. On March 23, 2018, the trial court sentenced Appellant to one to two years of incarceration in a state correctional institution. Appellant did not file a post-sentence motion. On April 2, 2018, Appellant filed this timely appeal. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents a single issue for our review:

> Whether the Trial Court abused its discretion by sentencing the Appellant to a state sentence as opposed to a county sentence despite the fact that the Appellant had been incarcerated for nearly a year. In addition, whether the Trial Court entered an excessive sentence in light of the fact that the Appellant was acquitted of all serious charges, but for a simple assault charge.

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth

a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied*, 86 A.3d 231 (Pa. 2014).

Instantly, Appellant has failed to comply with the first prong of the test because he failed to raise his sentencing issue at sentencing or in a post-sentence motion. His issue is therefore waived.

Pennsylvania Rule of Appellate Procedure 302 mandates that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003) (internal citation omitted). This Court has stated:

> [I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (internal citations omitted). *See also Commonwealth v. Yockey*, 158 A.3d 1246, 1259 (Pa. Super. 2017), (citing Pa.R.Crim.P. 720; Pa.R.A.P. 302(a)) ("Appellant did not preserve his discretionary aspects of sentencing claim at sentencing or in a post-sentence motion. Therefore, the claim is waived.").

Our review of the record reveals that in addition to not filing a post-sentence motion, Appellant did not raise his sentencing issue with the trial court at sentencing. *See* N.T., 3/23/18, at 1-12. As Appellant has not properly preserved his sentencing claim, the issue is waived.

- 3 -

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/18/2018