J-S34002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE DASAWN FULLER | : | |
| | : | |
| Appellant | : | No. 169 MDA 2021 |

Appeal from the Judgment of Sentence Entered March 26, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003250-2019

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                        **FILED JANUARY 18, 2022**

Appellant, Andre Dasawn Fuller, appeals from the March 26, 2020 Judgment of Sentence entered in the Luzerne County Court of Common Pleas following his conviction by a jury of two counts of Terroristic Threats and one count of Harassment.[1]  Appellant challenges the trial court's jury instructions and the discretionary aspects of his sentence.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  Appellant and Teal Rishel are the parents of one son, who was born in 2013.  Appellant and Ms. Rishel have not been romantically involved for many years; however, Ms. Rishel made an effort to keep in contact with Appellant so they could co-parent

---

[1] 18 Pa.C.S. §§ 2706(a)(1) and 2709(a)(1).

their son. This included Ms. Rishel occasionally meeting Appellant in-person and, more often, by communicating by phone and text message.[2]

In 2019, Appellant began to threaten Ms. Rishel over the phone and through text messages by accusing her of having relationships with other men and angrily insisting that no one would ever love her the way he did.

In September 2019, Ms. Rishel began a relationship with William Santos. Appellant complained to Ms. Rishel that he did not want anyone "playing daddy" to his son."[3] Appellant made efforts to rekindle his relationship with Ms. Rishel; Ms. Rishel rebuffed his efforts, causing Appellant to become "angry, manipulative, and threatening."[4] For instance, Appellant referred to Mr. Santos as "playing daddy," and warned Ms. Rishel that "Real get put down for that[]."[5] Appellant also informed Ms. Rishel that he had acquired a photograph of Mr. Santos's car and informed her that he would be "looking for the blue car."[6]

---

[2] Ms. Rishel testified that, during some of their in-person meetings, Appellant made her uncomfortable by touching her in ways she thought were inappropriate.

[3] N.T., 1/14/20, at 26.

[4] *Id.* at 28.

[5] *Id.* at 31-32.

[6] *Id.* at 28-29, 52.

Appellant also contacted Mr. Santos directly, warning him that "Nigga [] get put down over this type of shit, and I'm all the way like that[.]"[7]  Mr. Santos inferred from this that Appellant was threatening to kill him.  Although Mr. Santos initially tried to reason with Appellant, eventually he blocked Appellant on Facebook and avoided further contact with him.

In approximately September 2019, Appellant sent a photograph of a gun to Ms. Rishel and stated, "I got one too[,] but I use mine."[8]  Appellant also admitted to sending her a longer message stating, "If that's who you want to die with[,] then so be it.  But I promise you like I promised Chili I'm gonna get him Teal.  I'm coming."[9]  Also around this time, Appellant warned Ms. Rishel that he would be "sitting outside at night waiting and watching."[10]  These messages threatening to kill Ms. Rishel and people she loved "terrified" her.[11]

Soon after receiving this message, Ms. Rishel reported Appellant's threats to the police.  Following her report and a subsequent investigation conducted by Kingston Police Officer Michael Haley, on October 23, 2019, the Commonwealth charged Appellant with the above crimes.

---

[7] *Id.* at 51.

[8] *Id.* at 33.

[9] *Id.* at 36-37, 82.  The "Chili" to whom Appellant referred was a person who had been shot.

[10] *Id.* at 28.

[11] *Id.* at 37.

Appellant's jury trial commenced on January 14, 2020. The Commonwealth offered the testimony of Ms. Rishel, Mr. Santos, and Officer Haley, which established the foregoing facts.

Appellant also testified, denying that any of his statements to Ms. Rishel or Mr. Santos had been threats. He claimed, instead, that he had contacted Ms. Rishel and Mr. Santos to get to know Mr. Santos and to "defuse" an "explosive situation" and be a good father to his son.[12] Appellant asserted that he made his statement to Ms. Rishel about being able to "use" his gun in response to Ms. Rishel threatening him. According to Appellant, Ms. Rishel had told him that she had a gun and warned Appellant that she would use it if Appellant tried to "do anything to us."[13]

Appellant conceded that he had been angry at Mr. Santos and Ms. Rishel about the possibility of Mr. Santos replacing Appellant as his son's father. He explained the process of typing and sending text messages to the victims. With respect to the Facebook messages he sent to Ms. Rishel, he described the deliberative process of logging into Facebook, finding her Facebook page, typing his message, and hitting "send," knowing that she would receive the message.

At the conclusion of testimony, Appellant requested a jury instruction that spur-of-the-moment statements do not constitute terroristic threats. The

---

[12] *Id.* at 75-76.

[13] *Id.* at 74.

trial court denied Appellant's request, concluding that the evidence, including Appellant's own testimony, did not support such an instruction because Appellant's messages to the victims were not made in the spur-of-the-moment.

The jury convicted Appellant of two counts of Terroristic Threats and one count of Harassment. The court deferred sentencing pending completion of a pre-sentence investigation ("PSI") report.

On March 26, 2020, the trial court held a sentencing hearing at which Ms. Rishel and Appellant testified. After considering their testimony, counsels' arguments, and the PSI report, the court sentenced Appellant to consecutive terms of 18 to 36 months' incarceration for his Terroristic Threats convictions.[14] Appellant did not challenge the discretionary aspects of his sentence on the record at sentencing.

Appellant filed a post-trial motion and an amended post-trial motion challenging the court's denial of his proposed jury instruction and the discretionary aspects of his sentence.

The trial court denied Appellant motion. After reinstatement of Appellant's direct appeal rights *nunc pro tunc*, this appeal followed.

Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

---

[14] These sentences fall in the high-end of the standard range. The court also imposed a fine of $100 for Appellant's summary harassment conviction and ordered that Appellant have no further contact with Ms. Rishel and Mr. Santos.

1.Whether the trial court abused its discretion in denying Appellant's points for charge[?]

2. Whether the trial court abused its discretion in failing to sentence [] Appellant to concurrent sentences[?]

Appellant's Brief at 1.

In his first issue, Appellant asserts that the trial court erred in not instructing the jury that the offense of Terroristic Threats "was not designed to penalize spur of the moment threats which arise out of anger in the course of a dispute." *Id.* at 7. Appellant argues that, because he testified that his statements were merely in response to perceived threats to him and he made them without any pre-meditation and the intent to terrorize the victims, the court should have included the above language in the points for charge. *Id.* at 7-8.

Our Rules of Appellate Procedure unequivocally require that an appellant support each question he or she raises with discussion and analysis of pertinent authority. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009). *See also* Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Johnson*, *supra* at 924. *See* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue to be

waived." ***Commonwealth v. Cannavo***, 199 A.3d 1282, 1289 (Pa. Super. 2018) (citations omitted).

Here, although Appellant has referred to Section 2706 of the Crimes Code, he has not included the language of the statute in his brief and, importantly, has not cited to any case law to provide a developed argument concerning the purpose of the offense of Terroristic Threats. Appellant's failure to develop his argument has precluded our meaningful appellate review. Accordingly, this issue is waived.

In his second issue, Appellant claims that the trial court abused its discretion in imposing consecutive, rather than concurrent, sentences. Appellant's Brief at 8-10. This claim implicates the discretionary aspects of Appellant's sentence. ***Commonwealth v. Mann***, 820 A.2d 788, 793 (Pa. Super. 2003).

Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015); 42 Pa.C.S. § 9781(b). To invoke this Court's jurisdiction to review an appellant's challenge to the sentencing court's discretion, the appellant must, *inter alia*, properly preserve the issue at sentencing or in a motion to reconsider and modify the sentence. ***Leatherby***, 116 A.3d at 83.

The Pennsylvania Rules of Criminal Procedure require any post-sentence motion to state grounds for relief "with specificity and particularity." Pa.R.Crim.P. 720(B)(1)(a). Raising only a broad challenge to a sentence as excessive, without articulating the specific reasons for the challenge, results

in waiver. **See** Pa.R.A.P. 302 ("issues not raised in the lower court are waived"); **Mann**, 820 A.2d at 794 (finding that appellant waived discretionary aspects of sentencing claim where his boilerplate post-sentence motion failed to state basis of challenge with specificity and particularity).

Appellant's post-sentence motion challenging the discretionary aspects of his sentence states, in its entirety: "[Appellant] requests the court to exercise its discretion and reduce the sentence imposed." Motion for Reconsideration of Sentence, 3/31/20, at ¶ 3.

As noted above, Appellant did not raise this challenge at sentencing. Moreover, the boilerplate assertion presented in his post-sentence motion makes no reference to the specific argument that Appellant raises in his brief. Consequently, Appellant failed to preserve this issue. It is, therefore, waived.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/2022