J-A18042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWNA PERRY | : | |
| | : | |
| Appellant | : | No. 249 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 22, 2024
In the Court of Common Pleas of Venango County
Criminal Division at CP-61-CR-0000648-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN MARIE PERRY | : | |
| | : | |
| Appellant | : | No. 269 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 22, 2024
In the Court of Common Pleas of Venango County
Criminal Division at CP-61-CR-0000043-2021

BEFORE:  OLSON, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: September 12, 2024**

Shawna Perry, a/k/a Shawn Marie Perry (Appellant), appeals from the judgments of sentence imposed after she pled guilty to theft by unlawful taking[1] at docket CP-61-CR-0000648-2023 (#648-2023), and the trial court revoked her probation at CP-61-CR-0000043-2021 (#43-2021).  We affirm.

---

[1] 18 Pa.C.S. § 3921(a).

Appellant appeals from the amended sentencing order entered on February 22, 2024 at both dockets. The trial court set forth the procedural history as follows:

On March 3, 2021, at Criminal Docket Number [#]43-2021, [Appellant] was charged by Formal Information with twenty-seven (27) counts of criminal conduct. On March 11, 2021, [Appellant] entered a plea of guilty to Count (1) Forgery, 18 Pa.C.S.[] § 4101(a)(2), a second degree felony; [Count] (10) Access Device Fraud, 18 Pa.C.S.[] § 4106(a)(1)(ii), a third-degree felony; and [Count] (16) Identity Theft, 18 Pa.C.S.[] § 4120(a), a third-degree felony.

On May 7, 2021, [Appellant] was sentenced as follows. At Count (10), [Appellant] was sentenced to a term of imprisonment of not less than 102 days minimum to a maximum of twenty-four (24) months less 1 day. The [c]ourt imposed a split sentence in this case and the period of incarceration was followed by a consecutive three (3) years plus 1 day of probation. At Count (1), [Appellant] was sentenced to probation for a period of five (5) years. At Count (16), [Appellant] was sentenced to a period of probation for a period of two (2) years. The sentence imposed at Count (1) was imposed to run consecutive to the sentence imposed at Count (10), [and] the sentence imposed at Count (16) was imposed to run consecutive to the sentence imposed at Count (1), for a total aggregate term of imprisonment of not less than 102 days minimum[,] to a maximum of twenty-four (24) months less 1 day, followed by ten (10) years plus 1 day of probation.

On May 17, 2021, [Appellant] was released on parole with a maximum expiration date of January 24, 2023. The probation period of [Appellant's] split sentence became effective January 24, 2023[,] with a maximum expiration date of January 25, 2026. On November 10, 2023, [Appellant] was arrested on new criminal charges. On November 27, 2023, the Commonwealth filed a Petition to revoke [Appellant's] probation due to technical probation violations and new criminal charges. The technical violations of probation were: absconding, failure to complete drug and alcohol treatment as ordered[,] and positive urinalysis/use of drugs. On January 9, 2024, the [c]ourt entered an Order revoking [Appellant's] probation.

On December 29, 2023, at Criminal Docket [#]648-2023, [Appellant] was charged by Formal Information with four (4) counts of criminal conduct. On January 9, 2024, [Appellant] entered a guilty plea to Count (3), Theft by Unlawful Taking, 18 Pa.C.S.[] § 3921(a), a second-degree misdemeanor.

On February 1, 2024, [Appellant] was sentenced at both criminal dockets. The sentence was amended twice[, on February 21 and 22, 2024,] to correct credit for time served, as a defendant is entitled to credit upon revocation of probation for time spent in jail pursuant to a split sentence. [Appellant] was ultimately given credit for 186 days previously served in the Venango County Jail from November 10, 2023 through February 1, 2024[,] and for the 102 days credit previously served given by Order of Court dated May 7, 2021. The sentence on the revocation at [#]43-2021 at Count (10) imposed an aggregate term of imprisonment [of] not less than three (3) years minimum to a maximum of six (6) years[,] followed by seven (7) years of probation.

[Appellant] was sentenced at [#]648-2023 to a term of imprisonment of not less than nine (9) months minimum to a maximum of twenty-four (24) months less 1 day, to run concurrent to the sentence imposed on Count (10) at [#]43-2021.

Trial Court Opinion (TCO), 4/18/24, at 1-3 (footnotes omitted).

Appellant filed a timely post-sentence motion claiming that her sentence was excessive. The trial court denied the motion, and Appellant timely appealed at both dockets. On March 6, 2024, the trial court ordered Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). Appellant timely filed her Rule 1925(b) concise statement, and the trial court issued an opinion. On April 2, 2024, this Court consolidated the appeals *sua sponte*.

Appellant raises the following issue:

THE SENTENCE IN THIS CASE WAS MANIFESTLY EXCESSIVE AND CLEARLY UNREASONABLE WHEN THE COURT SENTENCED [APPELLANT] TO A LENGTHY PERIOD OF INCARCERATION AND DID NOT TAKE INTO ACCOUNT [APPELLANT'S] SUBSTANCE ABUSE ISSUES AND RELAPSE[.]

Appellant's Brief at 2.

Appellant challenges the discretionary aspects of her sentence. The law

is well-settled:

> Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Id.*** (citation omitted).

***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Appellant has timely appealed and filed a post-sentence motion. She has also included in her brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). ***See*** Appellant's Brief at 3-4 (asserting that a sentence "with a lesser period of confinement could achieve the goals of the protection of the public and the rehabilitative needs of [Appellant]."). Finally, Appellant has presented a substantial question. ***See Commonwealth v. Banniger***, 303 A.3d 1085, 1096 (Pa. Super. 2023) (reiterating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (citations omitted). Accordingly, we have jurisdiction to consider Appellant's sentencing claim.

We begin by recognizing:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment - a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Starr*, 234 A.3d at 755, 760-61 (Pa. Super. 2020) (citation omitted).

The Sentencing Code provides that "[i]n every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences a person following revocation of probation or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b). The sentence "should call for total confinement that is consistent with … the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *Id.*

When the trial court sentenced Appellant, the Sentencing Code set forth the following provisions for revoking probation:

> **(b) Revocation.--**The court may … revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation. …
>
> **(c) Limitation on sentence of total confinement.--**The court shall not impose a sentence of total confinement upon revocation unless it finds that:

- 5 -

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

**(d) Hearing required.--**There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation. Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S. § 9771.[2]

Appellant asserts her sentence is "manifestly excessive in that it was not individualized." Appellant's Brief at 4. According to Appellant, her sentence is "clearly unreasonable, especially due to her difficulty with controlled substances and relapse from sobriety immediately prior to the difficulties that brought her to court for revocation and new charges." *Id.* at 6. She emphasizes that she was "candid" about "her issues with controlled substance addiction and indicated that she had relapsed before her most recent crime occurred[,] after being sober for three years, and that her desire is to participate in an inpatient rehabilitation program." *Id.* She states that she "took responsibility for her actions, is young and has children, and had already served a period of incarceration for the first offense." *Id.* Appellant further claims:

---

[2] Although the statute has been amended, the trial court sentenced Appellant prior to the amendment's effective date of June 11, 2024.

The [trial c]ourt did not state reasons for its sentence on the record, as required, other than generally saying it was considering the needs of the community, etc. [The trial court] did not discuss [Appellant's] concerns about her prior drug issues or whether the time she had been incarcerated had provided an appropriate level of punishment[,] at least for her first docket.

*Id.*

Conversely, the Commonwealth maintains that "the record and sentencing transcript provide ample evidence to support the court's sentence," and disputes Appellant's claim that the trial court failed to place its reasons for the sentence on the record. Commonwealth's Brief at 9.

Our review initially reveals that Appellant's claim regarding the trial court's statement of reasons on the record is waived. Appellant failed to raise this claim at sentencing, in her post-sentence motion, or in her Rule 1925(b) statement. *See Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003) (holding that an appellant's failure to raise "the specific claim regarding the sentencing court's alleged failure to state the reasons for his sentence on the record" either at sentencing, or in his post sentence motion, waives the claim for appellate review); *Commonwealth v. Papp*, 305 A.3d 62, 72 (Pa. Super. 2023) (finding waiver where the appellant "did not identify [a] challenge in her court-ordered Rule 1925(b) statement"). *See also* Order, 3/4/24, at 1 (directing Appellant to file a concise statement and advising that "[a]ny issue not properly included in the statement timely filed and served pursuant to Subdivision (b) of Rule 1925 shall be deemed waived").

In her post-sentence motion, Appellant generally asserted "that the sentence is excessive," without stating a basis for the assertion. Post-Sentence Motion, 2/7/24, at 2. In her Rule 1925(b) statement, Appellant argued:

> The sentence in this case was manifestly excessive and clearly unreasonable in that the court handed down a sentence that was excessive given the fact that [Appellant] took responsibility for her actions, she is young and has children, she has already served a period of incarceration, she indicated that she had relapsed before this crime had occurred after being sober for three years, and she desires to participate in an inpatient rehabilitation program.

Statement of Matters Complained of on Appeal, 3/25/24, at 2.

Appellant preserved her claim regarding the trial court's consideration of mitigating factors. However, the claim is belied by the record.

Appellant waived the preparation of a pre-sentence investigation report. N.T., 1/9/24, at 11; *see also* N.T., 2/1/24, at 9. At sentencing, the Commonwealth and Appellant's counsel agreed that Appellant had a prior record score of 5. N.T., 2/1/24, at 12. The Commonwealth explained that in addition to incurring new criminal charges, Appellant violated her probation when she "failed to engage in treatment, and … didn't answer or return any phone calls from the supervising agent, didn't successfully complete [] inpatient treatment, and then ultimately … a bench warrant was issued for her arrest." *Id.* at 13. The Commonwealth continued:

> [Appellant's] prior record is disturbing in the sense that it's almost all theft[-related] crimes … and for [Appellant] to commit … theft [by unlawful taking] while serving a sentence for theft – it's unacceptable, and [Appellant] certainly has had multiple chances [] to show this was an aberration of her character, but it's not.

- 8 -

> She has done this multiple times, and I'm not sure she even has a boundary. … And given her lengthy track record of … theft after theft after theft, I think anything other than … the top end of the standard range would be inappropriate. The victim was vulnerable, [Appellant] abused her position. This is [Appellant's], I think, 10th time committing a theft …. I would defer to the [c]ourt … [but] I think the [c]ourt should impose whatever sentence [the court] think[s] is appropriate…. I also note … [the court] gave [Appellant the] opportunity [for inpatient treatment] last time and she failed to complete it successfully.

*Id.* at 15-16.

> In response, Appellant's counsel stated:

> [Appellant] is 29 years old … she does have three children…. [T]here was an [] assessment completed … just a few weeks ago, the recommendation was for inpatient [treatment], and [Appellant] tells me she is very, very serious about that…. And I think she's been in jail long enough … and I'm going to ask the [c]ourt to consider transitioning her to another inpatient facility, and I know [Appellant] definitely has a statement that she would like to make to the [c]ourt.

*Id.* at 17. Appellant then stated:

> I have lots of past theft charges, but that was when my addiction was very hard[. W]hen I got out of jail last time, I transferred to inpatient and I was sober for three years, and I was doing good and I had one relapse and this happened, and it was really a misunderstanding, I know you hear that a lot (chuckles), but it really was and now I'm just trying … I have three kids that really need a mom … so I need to get home to them, so if I could go to rehab to return to my family, I would do whatever it takes.

*Id.*

The trial court advised Appellant that she had the "absolute right" to make a statement, and Appellant added that she accepted "responsibility and did say [the theft by unlawful taking] was a misunderstanding, but I take responsibility for what I did[, and] like I said, [I] want to get home to my kids." *Id.* at 20-21.

The record reflects that the trial court was aware of Appellant's age, children, history of substance abuse, history of incarceration, expression of remorse, and desire for inpatient treatment. The trial court cited the sentencing hearing in explaining:

> In imposing sentence in these matters, the [c]ourt has considered all the information provided to it, from the Commonwealth as well as Defense Counsel, the arguments from the Commonwealth, the statements made on behalf of [Appellant], statements made by the [Appellant], the circumstances surrounding the case, all other relevant factors including[,] but not … limited to[,] public protection, gravity of the offense[] as it impacts the victim and community, rehabilitative needs of [Appellant], nature and circumstances of the offense, and history and the characteristics of [Appellant].

> Sentence Transcript, 2/1/2024, [at] 21.

> The [c]ourt also stated that the sentence of incarceration imposed at Count (10) was "necessary to vindicate the authority of the [c]ourt." *Id.* at 32. The [c]ourt took into consideration [Appellant's] statement that her criminal charges were "really a misunderstanding" and the Commonwealth's observation that this statement indicated an utter lack of accountability and remorse for her crimes. *Id.* at 17, 19.

TCO at 6.

This Court "must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *See Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (citation omitted). For the reasons explained above, we conclude that the trial court did not abuse its sentencing discretion.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/12/2024