J-S52012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT WAYNE BROWN, | : | |
| | : | |
| Appellant | : | No. 2047 MDA 2016 |

Appeal from the Judgment of Sentence November 16, 2016
in the Court of Common Pleas of Cumberland County,
Criminal Division, No(s):  CP-21-CR-0000029-2011;
CP-21-CR-0003516-2010

BEFORE:  GANTMAN, P.J., LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 23, 2017**

Robert Wayne Brown ("Brown") appeals from the judgment of
sentence imposed following his conviction of 41 counts of various sexual
offenses committed against his four minor step-grandchildren over the
course of several years.  We affirm.

In its Opinion, the trial court set forth the relevant factual and
procedural history, which we adopt for the purpose of this appeal.  ***See*** Trial
Court Opinion, 2/13/17, at 1-4 (unnumbered).

On appeal, Brown raises the following issue for our review: "Did the
sentencing court abuse its discretion by failing to justify on the record the
imposition of aggravated range and consecutive sentences?"[1]   Brief for
Appellant at 6 (capitalization omitted).

---

[1] The trial court sentenced Brown to an aggregate term of 40 to 120 years in
prison.

Brown challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b); *see also Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997).

In the instant case, Brown filed a timely Notice of Appeal, and included in his appellate brief a separate Rule 2119(f) Statement. However, our review of the record reflects that Brown failed to preserve his claim either at resentencing or in a timely post-sentence motion. *See Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003) (holding that objections to the discretionary aspects of sentence are generally waived if they are not raised

at the sentencing hearing or in a motion to modify the sentence imposed at that hearing). Thus, we are unable to address his issue on appeal.[2]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2017

---

[2] Even if Brown had preserved his issue for our review, we would have found that it lacked merit, given that the trial court, at the time of resentencing, had the benefit of a pre-sentence investigation report ("PSI"). **_See_** **_Commonwealth v. Ventura_**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (holding that, where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."). Moreover, "[t]he sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." **_Id._** (citation omitted); **_see also_** N.T., 11/15/16, at 3.

COMMONWEALTH

v.

ROBERT WAYNE BROWN



**County of Cumberland**

IN THE COURT OF COMMON PLEAS
OF THE NINTH JUDICIAL DISTRICT

CP-21-CR-3516-2010
CP-21-CR-0029-2011

**IN RE: OPINION PURSUANT TO Pa.R.A.P. 1925(a)**

*PLACEY, C.P.J. – 13 February 2017*

## PROCEDURAL HISTORY

Defendant was charged in December 2012 with forty-one counts of various sexual offenses committed upon his four minor step-grandchildren over the course of several years.[1] Defendant was convicted on all counts in August 2012, found to be a Sexually Violent Predator (SVP) and sentenced in April 2013. Defendant was sentenced to an aggregate sentence of forty to one-hundred-twenty years in a State Correctional Institute. Defendant, through newly assigned counsel, filed an appeal on July 31, 2014, which was ultimately decided by the Superior Court in December 2015.[2]

---

[1] At docket 3516-2010 the charges are: 2 counts-Involuntary Deviate Sexual Intercourse (F1), 2 counts-Involuntary Deviate Sexual Intercourse with a Child (F1), 2 counts-Unlawful Contact with Minor (F1), 2 counts- Sexual Assault (F2), 2 counts-Indecent Assault (M1), 2 counts-Corruption of Minors (M1), and 2 counts Indecent Assault (M2). At docket 0029-2011 the charges are: 2 counts-Rape of a Child (F1); 2 counts-Involuntary Deviate Sexual Intercourse (F1), 2 counts-Involuntary Deviate Sexual Intercourse with a Child (F1), 2 counts-Aggravated Indecent Assault of a Child (F1), 2 counts-Unlawful Contact with a Minor (F1), 1 count-Criminal Solicitation to IDSI with a Child (F1), 2 counts-Criminal Solicitation to Incest (F2), 2 counts- Aggravated Indecent Assault (F2), 2 counts-Aggravated Indecent Assault (F2), 2 counts-Aggravated Indecent Assault (F2), 2 counts-Indecent Assault (M1), 2 counts-Indecent Assault (M2), 2 counts-Corruption of Minors (M1), and 2 counts-Indecent Assault (M2).

[2] Multiple extensions on appeal were granted to new counsel to allow full knowledge of the record.

A-1

Our Superior Court's independent review of the trial record found a clearly meritorious issue on appeal, specifically that the United States Supreme Court's decision in *Alleyne v United States*, ___ U.S.___, 133 S.Ct. 2151 (2013), held that "facts that increase the mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. *Id*. at 2162. [3]

The remand from the Superior Court was stayed while the Commonwealth appealed the matter to the Supreme Court of Pennsylvania, which denied the allowance of appeal in August 2016. Defendant was re-sentenced on November 15, 2016. Thereafter, counsel filed an appeal of the new sentence on December 14, 2016, which alleged the trial court abused its discretion at sentencing by failing to state any reasons on the record for imposing a sentence above the aggregated range of the sentencing guidelines. This Opinion is in support of the sentences imposed.

## FACTS FROM SENTENCINGS

1. At the November 2016 re-sentencing, the trial court amended the Sentencing Order of April 4, 2013 to reflect the sentences imposed were not mandatory sentences.[4]

2. The April 4, 2013 Sentence specifically provided the "aggregate sentence is for 40 to 120 years, which reflects one ten year mandatory minimum sentence with a full maximum term for each victim."[5]

---

[3] The verdict slips for each count where age was a factor in sentencing were specifically presented to the jury for them to make findings of fact that would be applicable at sentencing. The trial court's use of the verdict slip for findings of fact at sentencing did not prospectively cure the improper sentence. As cited by the Superior Court, the case of *Commonwealth v. Wolfe* 106 A.3rd. 800, 806 (2016) makes it clear that the "proof at sentence" provision contained in 42 Pa.C.S. §9718 is not separable from the section's other provision in the entire statute is facially void.

[4] Order of Court 15 November 2016.

[5] Order of Court 4 April 2013 page 24. It is noted now the aggregate sentence intended should have

*A* – 2

3. In each sentence it was specifically stated that any lesser sentence would minimize the damage done to one or more of the victims and would not reflect the full extent of the harm caused by the Defendant, thereby depreciating the seriousness of the individual sentences.

4. The sentencing amendment was done pursuant to established County precedent, *see Commonwealth v. Hippensteel*, CR-2715-2013, Order of Court 23 September 2014 (President Judge Kevin A. Hess).

5. At sentencing the impact on the victims was presented in the victim impact statements both orally and in writing.

6. Defendant, at sentencing, cast aspersions on the victims and their families indicating that they had lied on the witness stand at the preliminary hearing and again at trial.[6]

7. At docket CR-0029-2011, the counts that had mandatory sentences associated with them are Count 1, Rape of a Child; Count 2, Involuntary Deviate Sexual Intercourse; Count 3, Involuntary Deviate Sexual Intercourse with a Child; Count 4, Aggravated Indecent Assault of a Child; and Count 9, Aggravated Indecent Assault.

8. At docket CR-3516-2010, the counts that had mandatory sentences associated with them are Count 1, Involuntary Deviate Sexual Intercourse and Count 2, Involuntary Sexual Intercourse with a Child.

9. It was noted at the April 2013 sentencing that the guidelines and report provided indicated a prior record score of zero (0), but the trial court's review of

been 40-160 years.

[6] Note of testimony April 4, 2012 [sic], SVP at sentencing proceedings, at page 32 Line 17 thru page 33 Line 10.

*A*-3

the report and sentencing guidelines indicated that there are applicable historically old convictions for burglary, theft and embezzlement.[7]

10. At a minimum, these historical crimes would reflect a prior record score of two (2) for purposes of guidelines.[8]

11. The offense gravity score (OGS) for Rape of a Child (2 counts total) and Involuntary Deviate Sexual Intercourse with a Child (4 counts total) is a fourteen (14) and the standard range sentencing matrix for an OGS of 14 is the statutory limit (SL), for each of these six (6) counts, which is two-hundred and forty (240) months.[9]

12. The gross aggregate sentence for all the charges to which Defendant was found guilty by the jury is 309 years to 618 years.

DISCUSSION

*Statement of Law:* Courts have "broad discretion to choose a penalty from sentencing alternatives and the range of permissible confinements, provided the choices are consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." **Commonwealth v. Devers**, 546 A.2d 12, 13 (Pa. 1988).

> We emphatically reject, therefore, interpretations of our law in this area which call for separate, written opinions embodying exegetical thought. Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel

---

[7] *Id* at page 12 Line 14 through 19

[8] It is noted that the prior record score could be higher; however, because the presentence investigation did not note the equivalent grade of the charge in Pennsylvania by default, a point would be given for the felony charge and a point for the sum of the two misdemeanor charges.

[9] 205 Pa. Code Section 303.16.

A-4

any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.

*Id.* 546 A.2d at 18.

Through the Sentencing Code, the General Assembly has enacted a process by which defendants are to be sentenced. 42 Pa.C.S. § 9701 *et seq.* The guidelines must be considered and a court must explain its reasons for departure from them. ***Commonwealth v. Mouzon***, 812 A.2d 617, 621 (Pa. 2002). The Sentencing Code sets forth the requirements of review for whether a sentence is "unreasonable." 42 Pa.C.S. § 9781(c).

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

*Id.*

"In every case where the court imposes a sentence or resentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission. ... Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant." 42 Pa.C.S. § 9721.

*Application of Law to Facts*: Perspective is necessary to comprehend that this sentence is and always was within the sentencing guidelines. In Defendant's myopic perspective this is a death sentence.[10] In view of **Alleyne**, the mandatory sentence requested by the Commonwealth no longer restricts the court to a lower end of the standard guideline range for the six OGS 14 counts, and which would now result in a sentence of 240 months to 480 months for each victim or an aggregate total of 80 to 160 years, which is within the standard guideline range. Everywhere but Texas, a maximum possible sentence of 309 years to 618 years would seem draconian. In the totality of the circumstances vision of the trial court, the imposition of a completely applicable higher sentence would be punitive upon this type of procedural remand and not in step with established Cumberland County precedent.

The initial sentence, with the mandatory language removed by the amended sentence, calls for one ten year minimum sentence with a full maximum term for each victim to be run consecutively, which recognized that any lesser sentence would minimize the damage done to one or more of the victims that would not reflect the full extent of the harm caused by the Defendant.[11] This is a top count sentence, where the Defendant was sentenced consecutively at the top count for each victim to 10 to 40 years, with the other 37 counts imposed concurrently to that top count. The top count for each victim was at an OGS of 14 that would allow the standard guideline range to go

---

[10] Defendant's terminal medical condition, which makes this sentence, indeed any sentence, a life sentence, is not grounds for the modification of the statutorily mandated and correct sentence. When Defendant's medical condition actually reaches a terminal state he may then apply for a temporary deferral of the service of this sentence as provided for by statute 42 Pa.C.S. §9777. *Motion to Modify Sentence*, Order of Court 14 June 2013.

[11] It is again noted that the correct maximum calculation should have been 160 years, not the stated 120 years.

up to 240 months, for which 120 months is clearly within and no further explanation from the trial court is necessary as there is no departure from the guidelines.

To the extent that the trial court needs to explain its reasons for departure from the sentencing guidelines, the concise language of both sentences contained justification for the aggregate sentence that would apply to any consideration that the sentence was outside of the guidelines. Specifically, the trial court had reviewed the guidelines as demonstrated by the trial court's correction of the pre-sentence report for the deficiency of the prior convictions. Further, the trial court noted the impact on the victims and the harm to which Defendant continued to enact upon them directly in the sentences. There is no need to go into a critical analysis of how Defendant took the innocence and trust from these four child victims.

Unshackled from the mandatory sentence statute, this case upon remand does not call for the trial court to act in reprisal; indeed, it is proper not to go above and beyond the mandatory prior sentence, as the sentences, then and now, were clearly within the standard guideline ranges and no justification statement is required. The sentences are lawful and reasonable.

By the Court,

Thomas A. Placey      C.P.J.

Distribution List:
Charles J. Volkert, Jr.
Chief Deputy District Attorney

Linda S. Hollinger
First Assistant Public Defender

A-7