J-A24024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC D. MACAFEE | : | |
| | : | |
| | : | No. 3276 EDA 2018 |

Appeal from the Judgment of Sentence Entered October 11, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0007049-2017

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 07, 2019**

Appellant, Eric D. MacAfee, appeals from the October 11, 2018 Judgment of Sentence entered in the Montgomery County Court of Common Pleas following his guilty plea to one count of Sexual Abuse of Children (Dissemination of Photographs, Videotapes, Computer Depictions, and Films).[1] On appeal, Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On June 7, 2018, Appellant entered a guilty plea to the above charge. In exchange, the Commonwealth *nolle prossed* five counts of Sexual Abuse of Children (Child

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6312(c).

Pornography).[2] The trial court ordered a pre-sentence investigation ("PSI") report, a probation and parole intervention ("PPI") evaluation report, sexually violent predator assessment, and psychosexual risk assessment.

On October 11, 2018, the trial court sentenced Appellant to an aggravated range sentence of 30 to 60 months of imprisonment, followed by 5 years of probation. Appellant filed a Post-Sentence Motion, which the trial court denied.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal: "Did the sentencing court abuse its discretion when it sentenced [A]ppellant in the aggravated range based exclusively upon charges that had been *nolle prossed* while ignoring a number of mitigating factors?" Appellant's Br. at 2.

Appellant challenges the discretionary aspects of his sentence. His Brief presents two arguments: (1) that the trial court abused its discretion when it sentenced Appellant in the aggravated range based exclusively upon charges that had been *nolle prossed*; and (2) that the trial court abused its discretion when it sentenced Appellant in the aggravated range while ignoring a number of mitigating factors.

Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super.

---

[2] 18 Pa.C.S. § 6312(d).

2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Id.*

To properly preserve an issue challenging the discretionary aspects of sentencing, a defendant must object and request a remedy at sentencing, or raise the challenge in a post-sentence motion. *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004). The Pennsylvania Rules of Criminal Procedure specifically caution defendants that, when filing post-sentence motions, "[a]ll requests for relief from the trial court shall be stated with specificity and particularity[.]" Pa.R.Crim.P. 720(B)(1)(a). *See Commonwealth v. Tejada*, 107 A.3d 788, 798-99 (Pa. Super. 2015) (noting that the trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion). *See, e.g., Commonwealth v. Mann*, 820 A.2d 788, 793-94 (Pa. Super. 2003) (concluding that the defendant waived his discretionary aspects of sentencing claim regarding the sentencing court's failure to state the reasons for his sentence on the record where the defendant's post-sentence motion only

argued that his sentence was unduly severe and that the trial court abused its discretion under the sentencing code).

Appellant's first argument is waived. He did not raise the issue as stated here—that his sentence was based on the *nolle prossed* charges—at sentencing. Further, in his Post-Sentence Motion for Reconsideration, Appellant challenged his sentence as follows: "[i]n sentencing [Appellant], [t]he [c]ourt failed to consider: [t]he fugitive of justice detainer issued by Ocean County New Jersey[;] [t]he extreme contrition displayed by [Appellant; and] Primary Cilia Dysplasia, the medical condition that has plagued [Appellant] since birth." Motion for Reconsideration, filed 10/18/18, at 2. His Post-Sentence Motion did not mention the issue he now raises before us. Thus, Appellant failed to preserve the issue at sentencing or a post-sentence motion. Accordingly, the issue is waived.[3]

Appellant did, however, properly preserve his second argument—that the trial court abused its discretion when it sentenced Appellant in the aggravated range while ignoring a number of mitigating factors—by raising it in his post-sentence motion and including a statement pursuant to Pa.R.A.P. 2119(f) in his Brief. **See** Appellant's Br. at 6. Thus, we proceed to address whether Appellant presents a substantial question.

_____

[3] We note that Appellant raised the issue in his Pa.R.A.P. 1925(b) Statement and the Court addressed the issue, in the alternative. However, this does not cure waiver. **Mann**, 820 A.2d at 794.

Whether a substantial question has been raised regarding discretionary sentencing is determined on a case-by-case basis. **_Commonwealth v. Moury_**, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **_Id._** (citation and quotation omitted).

Claims that the sentencing court did not adequately consider mitigating factors generally do not raise a substantial question. **_Commonwealth v. Disalvo_**, 70 A.3d 900, 903 (Pa. Super. 2013). However, a substantial question is raised where an appellant alleges, such as in this case, that the sentencing court imposed a sentence in the aggravated range without adequately considering mitigating circumstances. **_See Moury_**, 992 A.2d at 171. Thus, we proceed to review the merits of Appellant's contention that his aggravated range sentence was excessive and an abuse of the court's discretion.

Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal without a manifest abuse of that discretion. **_Commonwealth v. Mouzon_**, 828 A.2d 1126, 1128 (Pa. Super. 2003). To constitute an abuse of discretion, the sentence must either exceed the statutory limits or be manifestly excessive; it is not shown merely by an error in judgment by the court. **_Id._** Rather, the appellant must demonstrate, by reference to the record, that the sentencing court ignored or

misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Id.*

Sentencing in Pennsylvania is individualized, and requires the trial court to fashion a sentence "that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[.]" *Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013) (quoting 42 Pa.C.S. § 9721(b)) (internal quotation marks omitted). "The trial court must also consider the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing." *Id.* Where the trial court reviewed the PSI report, "we presume that the court properly considered and weighed all relevant factors in fashioning [Appellant's] sentence." *Id.*

After a careful review of the parties' arguments and the record, we conclude that this issue warrants no relief. The trial court detailed its extensive consideration of Appellant's PSI report, PPI evaluation, the severity of the crime, and Appellant's character in fashioning Appellant's individualized sentence. Trial Ct. Op., dated 3/26/19, at 7-8. Based on these factors, it determined that "[Appellant's] conduct warrant[ed] a sentence in the aggravated range[.]" N.T. Sentencing, 10/11/18, at 42. Thus, we conclude Appellant's sentence did not violate the fundamental norms underlying the sentencing process and find no abuse of discretion in the trial court's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/19