J-S58032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG ANTHONY MOORE | : | |
| | : | |
| Appellant | : | No. 584 WDA 2019 |

Appeal from the Judgment of Sentence Entered December 4, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001247-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG ANTHONY MOORE | : | |
| | : | |
| Appellant | : | No. 585 WDA 2019 |

Appeal from the Judgment of Sentence Entered December 4, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0009711-2016

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                **FILED NOVEMBER 27, 2019**

Appellant, Craig Anthony Moore, appeals from the December 4, 2018 Judgments of Sentence of six and a half to thirteen years of incarceration entered in the Allegheny County Court of Common Pleas following (1) entry of his guilty plea at Docket Number 1247-2018 to two counts of Driving Under the Influence ("DUI") and one count of Driving on a Suspended License—DUI

Related,[1] and (2) his probation violation at Docket Number 9771-2016. On appeal, Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

On December 4, 2018, the trial court held a joint plea, sentencing, and violation of probation ("VOP") hearing. Appellant pleaded guilty at Docket Number 1247-2018 to two counts of DUI and one count of Driving on a Suspended License—DUI Related. The trial court sentenced Appellant to an aggregate term of three and a half to seven years' incarceration, followed by a consecutive two-year period of probation. Appellant's DUI conviction was his fourth in ten years and his fifth lifetime DUI.

As a result of his convictions at Docket Number 1247-2018, Appellant violated his probation at eight different docket numbers, including Docket Number 9711-2016.[2] Thus, also on December 4, 2018, the court imposed an aggregate VOP sentence of three to six years' incarceration, to run consecutive to the DUI sentence imposed at Docket Number 1247-2018.[3]

_____

[1] 75 Pa.C.S. §§ 3802(c), 3802(a)(1), and 1543, respectively.

[2] On March 21, 2017, Appellant had entered a negotiated guilty plea to eleven counts of Theft from a Motor Vehicle, two counts of Access Device Fraud, six counts of Loitering and Prowling at Night, three counts of Criminal Trespass, and one count each of Theft by Unlawful Taking, Receiving Stolen Property, and Driving on a Suspended License—DUI Related. **See** 18 Pa.C.S. §§ 3934(a), 4106(a)(1), 5506, 3503(b)(1)(ii), 3921(b), 3925(a); and 75 Pa.C.S. § 1543(b)(1), respectively.

[3] Appellant's VOP sentence at Docket Number 9711-2016 consisted of a two- to four-year sentence of incarceration followed by ten concurrent two-year

On December 11, 2018, Appellant filed a timely Post-Sentence Motion at Docket Number 9711-2016 seeking modification of his VOP sentence. Appellant argued that his sentence was manifestly excessive because the court failed to consider his rehabilitative needs, did not give him due credit for time-served, did not place adequate reasons on the record justifying the VOP sentence, did not order a Pre-Sentence Investigation ("PSI") Report, and opted to incarcerate Appellant when a less restrictive alternative was available. On December 13, 2018, the VOP court denied Appellant's Motion without a hearing. Appellant timely appealed from his Judgment of Sentence, but discontinued the appeal on February 8, 2019. *See Commonwealth v. Moore*, No. 7 WDA 2019 (Pa. Super. 2019).

On December 13, 2018, Appellant filed a timely Post-Sentence Motion at Docket Number 2147-20187 seeking modification of his sentence. Appellant alleged that his sentence was manifestly excessive because the court did not consider adequately his rehabilitative needs, did not place adequate reasons on the record justifying the sentence, and did not order a PSI Report. The trial court held a hearing on the Motion on January 10, 2019,

_____

terms of probation for his Theft from a Motor Vehicle convictions; a two-to four-year sentence of incarceration for one of Appellant's Access Device Fraud convictions; and a one-to two-year term of incarceration, consecutive to Appellant's two-to four-year term of incarceration for his Theft from a Motor Vehicle conviction. The court also imposed two additional terms of two years of probation and ordered Appellant to serve them immediately following his release from prison.

after which it denied Appellant's Motion.  Appellant did not file a timely appeal from his Judgment of Sentence.

Appellant successfully petitioned for reinstatement of his direct appeal rights *nunc pro tunc* at both docket numbers, and this appeal followed.[4]

Appellant raises the following issues on appeal:

1. Did the trial court err in denying Appellant's Post Sentencing Motions at 1247-2018 since it erred in sentencing Appellant to a manifestly excessive aggregate term of imprisonment of 3.5 to 7 years, running the 1.5 to 3 year DUI sentence and the 2 to 4 year Driving with a Suspended License, DUI related, sentence consecutive to each other, constituting a manifestly excessive aggregate sentence since Appellant accepted responsibility for his crimes and demonstrated remorse for his actions?

2. Did the trial court err in denying Appellant's Post Sentencing Motions at 9711-2016 since it erred in sentencing Appellant to a manifestly excessive aggregate term of imprisonment of 3 to 6 years, running the 2 to 4 year Theft [from] a Motor Vehicle sentence and the 1 to 2 year Access Device Fraud sentence consecutive to each other, constituting a manifestly excessive aggregate sentence at 9711-2016 since Appellant accepted responsibility for his probation violations and demonstrated remorse for his actions.  Moreover, the trial court erred in imposing a manifestly excessive aggregate sentence of 6.5 to 13 years' imprisonment at 1247-2018 and 9711-2016 since the sentences imposed at each case should have been run concurrent to each other, and the consecutive sentences at the two cases constituted a manifestly excessive aggregate sentence since Appellant accepted responsibility for his crimes and probation violations and demonstrated remorse for his actions.

Appellant's Brief at 3.

_____

[4] Although not ordered to do so by the trial court, Appellant filed separate Pa.R.A.P. 1925(b) Statements at both lower court docket numbers.

In both of his issues, Appellant challenges the discretionary aspects of his sentences. In particular, he contends that, because he accepted responsibility and expressed remorse, the court abused its discretion in imposing consecutive sentences for his convictions at each docket number and then ordering the aggregate sentences at each docket number to run consecutively, rather than concurrently,. Appellant's Brief at 17-18, 19-20.

Challenges to the discretionary aspects of sentencing are not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief sufficiently addresses the challenge in a statement included pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

With respect to the second factor, a defendant must object and request a remedy at sentencing, or raise the challenge in a post-sentence motion. *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004). The Pennsylvania Rules of Criminal Procedure specifically caution defendants that, when filing Post-Sentence Motions, "[a]ll requests for relief from the trial court shall be stated with specificity and particularity[.]" Pa.R.Crim.P. 720(B)(1)(a). *See Commonwealth v. Tejada*, 107 A.3d 788, 798 (Pa. Super. 2015)

(noting that the trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion). *See*, *e.g.*, *Commonwealth v. Mann*, 820 A.2d 788, 793-94 (Pa. Super. 2003) (holding that defendant waived discretionary aspects of sentencing claim asserting sentencing court's failure to state the reasons for his sentence on the record, because he argued in his post-sentence motion only that his sentence was unduly severe and the trial court abused its discretion under the sentencing code).

Our review of the Notes of Testimony indicates that Appellant did not preserve his challenge to the court's imposition of consecutive sentences by raising this issue at the sentencing hearing. Appellant also did not preserve his consecutive sentence claim in either of his Post-Sentence Motions. Because Appellant failed to preserve these issues at the time of sentencing or in a Post-Sentence Motion, he has waived them. *See McAfee*; *Mann*, *supra*.

Judgments of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/2019

- 6 -