J-S54045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY BRANCHE, JR. | : | |
| | : | |
| Appellant | : | No. 1726 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003162-2016

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:          **FILED: DECEMBER 26, 2019**

Appellant, Anthony Branche, Jr., appeals from the June 28, 2018 Judgment of Sentence entered in the York County Court of Common Pleas following his jury conviction of Delivery (heroin) and Criminal Conspiracy to Deliver Heroin.[1]  Appellant challenges the sufficiency and weight of the evidence and the discretionary aspects of his sentence.  After careful review, we affirm.

We summarize the facts, as gleaned from the Notes of Testimony and the trial court's May 15, 2019 Opinion as follows.  On April 12, 2016, Pennsylvania State Police Troopers Shawn Wolfe and Justin Dembrowski set up a controlled drug buy between a confidential informant ("CI") and

_____

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 903.

Appellant, who went by the nickname "Ant Mo."[2]  The CI, in the presence of Trooper Wolfe, called Appellant and arranged to buy heroin in exchange for $300, which Trooper Wolfe provided from official funds and Trooper Dembrowski had photocopied.  The CI and Appellant agreed to meet at the Sheetz gas station at the intersection of I-83 and Route 30 in York County.

When Appellant arrived at Sheetz, the CI entered his vehicle[3] and sat on the rear passenger side.  Appellant was seated in the driver's seat, and an unknown individual, later identified as Appellant's brother's wife's sixteen year old nephew ("Nephew") was seated in the front passenger seat.  The CI gave Appellant the $300 in official funds, and received the heroin, which had been located in the front right passenger side air vent, in exchange.[4]  Following the transaction, the CI gave the drugs, consisting of 1.22 grams of heroin, to the police.

Pennsylvania State Police troopers stopped Appellant's vehicle 16 miles after he left the Sheetz parking lot.  Appellant gave the troopers permission to search his vehicle.  The troopers discovered that the front right passenger air vent—an area closer to Appellant's front seat passenger than to Appellant—had been modified to act as a storage compartment.  Upon searching

---

[2] Appellant had "Ant Mo" tattooed on his arm, and the CI identified him in court as "Ant Mo."

[3] Appellant did not own the vehicle but had borrowed it from his brother's wife.

[4] The CI testified at trial that, owing to the passage of time, he could not remember whether Appellant or the front-seat passenger had handed him the drugs or to which of those men he had paid for the drugs.

Appellant, the troopers located the $300 in official funds the CI had paid for the heroin. The troopers observed that Appellant had "Ant Mo" tattooed on his right forearm. The troopers also found two cell phones on Appellant, the phone number of one of which matched the number the CI had called to set up the heroin buy.

Police arrested Appellant, and the Commonwealth charged him with the above crimes.

At Appellant's jury trial, the Commonwealth presented the testimony of the CI, and Troopers Wolfe and Dembrowski. Appellant testified on his own behalf. Appellant claimed that Nephew had orchestrated the drug transaction without Appellant's knowledge. Relevantly, he testified that he went to Sheetz to buy a phone charger. He testified that, when he arrived at Sheetz, but before he exited his car, the CI approached the car. He then testified that the CI entered the back seat of his car and engaged in a drug transaction with Nephew. He denied that any of the money police found when they searched him was the $300 in official funds and denied ever hearing or going by the name "Ant Mo."[5] Appellant gave conflicting accounts of his plans for the day, explaining first that drove to York from Baltimore intending to pick up his wife

_____

[5] Appellant later stipulated that he has a tattoo on his arm that says "Ant Mo" and admitted on cross-examination that he went by that nickname.

in Harrisburg and then later claiming that he was going to meet his wife in Shrewsbury.[6]

The jury convicted Appellant of the above charges and, following its consideration of a Pre-Sentence Investigation Report, the court sentenced Appellant to an aggregate term of eleven to twenty-two years' incarceration, consisting of two consecutive five and a half to eleven-year terms.

On July 9, 2018, Appellant filed a Post-Sentence Motion, in which he challenged the sufficiency and weight of the evidence. Appellant also requested that the court reconsider and modify his aggravated range sentences, asserting that they were unreasonable and manifestly excessive because he "had only [a] prior conviction for a felony drug offense . . . and no prior adult felony convictions at all," and asserting that the court abused its discretion in imposing the sentences consecutively. Motion, 7/9/18, at ¶ 18, 27, 29. The trial court held a hearing on the Motion after which, on September 14, 2018, it denied Appellant relief.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following three issues on appeal:

1. Whether there was sufficient evidence presented by the Commonwealth in order to support the verdicts of guilty for Delivery and Criminal Conspiracy?

---

[6] The trial court observed in its Rule 1925(a) Opinion that Harrisburg and Shrewsbury are in opposite directions on I-83 from the drug buy in York. Opinion, 5/15/19, at 5 n.1.

2. Whether the jury's verdict was so against the weight of the evidence as to shock one's sense of justice?

3. Whether the trial court abused its discretion and sentenced [Appellant] to an unreasonable sentence when it sentenced [Appellant] above the aggravated range on both charges, consecutive[ly]?

Appellant's Brief at 6.

In his first issue, Appellant claims that the Commonwealth's evidence was insufficient to support his convictions of Delivery and Criminal Conspiracy. Appellant's Brief at 12-14. In particular, with respect to his Delivery conviction, Appellant argues that the Commonwealth failed to prove that he delivered the heroin to the CI, or that he was aware of the drug deal prior to it taking place. *Id.* at 12. Appellant argues that his Criminal Conspiracy conviction was unsupported by the evidence because the Commonwealth failed to show that he had entered into any agreement to deliver heroin with Nephew, that he had been aware of the drug deal prior to it occurring, or that he profited from it. *Id.* at 12-13.

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). "Further, a conviction may be sustained wholly on

circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

A person is guilty of Delivery if he, *inter alia*, delivers a controlled substance to another person. 35 P.S. § 780-113(a)(30).

"A person is guilty of conspiracy with another person or persons to commit a crime if[,] with the intent of promoting or facilitating its commission[,] he: (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime." 18 Pa.C.S. § 903(a).

In order to convict a defendant of Criminal Conspiracy, the Commonwealth must prove that the defendant "1) entered into an agreement to commit or aid in an unlawful act with another person or persons; 2) with a shared criminal intent; and 3) an overt act was done in furtherance of the conspiracy." *Commonwealth v. Feliciano*, 67 A.3d 19, 25-26 (Pa. Super. 2013) (citation omitted). The conspiratorial agreement "can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the

circumstances and conduct of the parties surrounding the criminal episode."
***Commonwealth v. Devine***, 26 A.3d 1139, 1147 (Pa. Super. 2011).

Instantly, the evidence, when viewed in the light most favorable to the Commonwealth as verdict-winner, indicated that the CI ordered heroin from Appellant by placing a call to a phone later found on Appellant's person. The CI met Appellant at the agreed-upon transaction location and the CI entered Appellant's car. Inside the car, the CI engaged in physical interactions with both Appellant and Nephew, obtained the heroin, and paid for it with the official funds provided by the troopers. When the troopers subsequently arrested Appellant, he was in possession of cash, including the official funds, and a cell phone whose number matched the one used by the CI to order the drugs. Appellant acknowledged being in the vehicle during the transaction. Appellant gave conflicting versions of why he was in York and lied about using the nickname "Ant Mo" despite having a tattoo of that name on his forearm. In light of this evidence, the jurors could reasonably conclude that Appellant delivered heroin to the CI.

With respect to Appellant's Criminal Conspiracy conviction, the Commonwealth presented evidence that the CI initiated the drug buy by calling Appellant, known as "Ant Mo." Appellant and Nephew arrived in the same vehicle, driven by Appellant, at the agreed-upon transaction site. Then, upon entering Appellant's car, the troopers observed the CI engaging in physical interactions with both Appellant and Nephew then retrieved the heroin from the storage compartment located in the modified air vent and

gave the drugs to the CI. Later, police found the official funds they had given to the CI on Appellant's person. In light of these facts, we conclude that it was reasonable for the jury to find the existence of a criminal agreement between Appellant and Nephew to deliver heroin to the CI.

Following our review of the record, including the Notes of Testimony of Appellant's May 15, 2018 trial, we conclude that the Commonwealth presented sufficient direct and circumstantial evidence to enable to the jury to find every element of the offenses of Delivery and Criminal Conspiracy beyond a reasonable doubt. Appellant is, therefore, not entitled to relief on this claim.

In his second issue, Appellant purports to challenge the weight given by the jury to the Commonwealth's evidence. Appellant's Brief at 14. Appellant's argument consists only of the following statements: "While the standard for weight of the evidence is different from sufficiency, the argument is exactly the same. Therefore, since the argument is outlined in the section above it will not be reiterated for a second time here." *Id.*

Our Supreme Court has held that "incorporation by reference" is an unacceptable manner of appellate advocacy for the proper presentation of a claim for relief to the Court. *Commonwealth v. Briggs*, 12 A.3d 291, 342-43 (Pa. 2011)) (specifying that "our appellate rules do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief"); *Pines v. Farrell*, 848 A.2d 94, 97 n.3 (Pa. 2004) (reliance on "briefs and pleadings already filed in this case"

was "not a recommended form of advocacy"). The Rules of Appellate Procedure specifically require a party to set forth in his or her brief, in relation to the points of his argument or arguments, "discussion and citation of authorities as are deemed pertinent," as well as citations to statutes and opinions of appellate courts and "the principle for which they are cited." Pa.R.A.P. 2119(a), (b). Therefore, our appellate rules do not allow incorporation by reference of arguments as a substitute for the proper presentation of arguments in the body of the appellate brief. Appellant has, thus, waived this claim.

In his final issue, Appellant claims the trial court abused its discretion when it sentenced him to two consecutive aggravated range sentences. Appellant concedes that the court placed numerous reasons on the record explaining why it was imposing the sentences it imposed. Nevertheless, Appellant argues that, "[n]one of those reasons, even when taken together, are sufficient to support" his sentence. Appellant's Brief at 16-17. He also baldly claims that, "the sheer level of departure from the sentencing guidelines is manifestly unjust and show[s] a clear abuse of discretion." *Id.* at 17.

Challenges to the discretionary aspects of sentencing are not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether

appellant's brief sufficiently addresses the challenge in a statement included pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

With respect to the second factor, a defendant must object and request a remedy at sentencing, or raise the challenge in a post-sentence motion. *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004). The Pennsylvania Rules of Criminal Procedure specifically caution defendants that, when filing Post-Sentence Motions, "[a]ll requests for relief from the trial court shall be stated with specificity and particularity[.]" Pa.R.Crim.P. 720(B)(1)(a). *See Commonwealth v. Tejada*, 107 A.3d 788, 798-99 (Pa. Super. 2015) (noting that the trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion). *See*, *e.g.*, *Commonwealth v. Mann*, 820 A.2d 788, 793-94 (Pa. Super. 2003) (holding that defendant waived discretionary aspects of sentencing claim regarding sentencing court's failure to state the reasons for his sentence on the record where defendant filed a post-sentence motion, but only argued that his sentence was unduly severe and the trial court abused its discretion under the sentencing code).

Appellant did not preserve his issues he raises on appeal on the record at sentencing. Appellant also did not preserve these issues in his Post-Sentence Motion. As noted above, in his Post-Sentence Motion, Appellant asserted only that the court abused its discretion in imposing sentences that

are "unreasonable and manifestly excessive" because he "had only [a] prior conviction for a felony drug offense . . . and no prior adult felony convictions at all." Motion, 7/9/18, at ¶ 18, 27. Appellant also challenged the imposition of consecutive sentences. *Id.* at ¶ 29. Appellant has not raised either of these arguments in his appellate brief, but, instead, asserts two different bases for objection. Because Appellant failed to preserve the issues he raises on appeal at sentencing or in his Post-Sentence Motion, he has waived his challenges to the discretionary aspects of his sentence.[7]

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/26/2019

---

[7] In his Rule 1925(b) Statement Appellant raised yet a different ground in support of his claim that the court had abused its discretion when sentencing him. There, Appellant claimed that the court abused its discretion—with respect to his Delivery conviction only—because it failed to place sufficient reasons explaining the sentence on the record. Rule 1925(b) Statement, 9/7/18, at 1 (unpaginated).