J-S34006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA DAVID OTEY | : | |
| | : | |
| Appellant | : | No. 218 WDA 2023 |

Appeal from the Judgment of Sentence Entered January 31, 2023
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000914-2020

BEFORE: LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED: December 8, 2023**

Joshua David Otey appeals from the judgment of sentence, entered in the Court of Common Pleas of Washington County, following Otey's open guilty plea to one count each of aggravated indecent sexual assault—person less than 16 years of age and defendant four or more years older,[1] and involuntary deviate sexual intercourse (IDSI)—person less than 16 years old.[2] We affirm.

Otey entered his guilty plea on April 20, 2022, and, on September 9, 2022, following review of a presentence investigation report (PSI), the trial court sentenced Otey to 8½ to 17 years on the IDSI conviction, which was outside the aggravated range of the Sentencing Guidelines, *see* 204 Pa. Code

---

[1] 18 Pa.C.S.A. § 3125(a)(8).

[2] *Id.* at § 3123(a)(7).

303.16(a),[3] and 4 to 8 years' imprisonment on the aggravated indecent assault conviction, for an aggregate term of 12½ to 25 years' imprisonment. *See* Order of Sentence, 9/9/22. Otey filed a direct appeal,[4] and, at the trial court's request, this Court remanded the case for resentencing. *See* Order, 11/10/22. On January 31, 2023, the court resentenced Otey to the same sentence and provided a written statement of reasons why the court deviated upwards from the Sentencing Guidelines on the IDSI count. *See* Order and Sentencing Statement, 1/31/23.[5] At resentencing, the court informed Otey of his appellate rights, as follows:

_____

[3] The trial court noted the standard range of 48-66 months for a minimum, with an aggravated range of plus 12 months. *See* Trial Court Opinion, 3/21/23, at 7.

[4] This appeal was docketed at 1161 WDA 2022.

[5] The sentencing court stated:

> This deviation from the sentencing guidelines is based on [Otey's] statement in which he blamed his actions on ignorance of the law and then further placed blame on the minor victim[,] stating that "I never once pressured, coerced, or manipulated, or used any types of threats on the young lady to lead it to where it had progressed. I just didn't stop it." [Otey] continued his statement by focusing on the detriment these charges have caused to himself rather than the harm to the minor victim. For these reasons, the age of the victim, the time span over which [Otey] engaged in this conduct with the victim[,] and [Otey's] overall failure to appreciate the wrongfulness of his actions, this [c]ourt deviates from the standard guidelines in imposing its sentence.

Sentencing Statement, 1/21/23.

Mr. Otey has a right to appeal and should appeal if he deems it necessary. I am going to incorporate all of the statements made on behalf of the Defendant and on behalf of the Commonwealth that were at the sentencing previously. The appellate rights get restarted, Mr. Otey. So I expect—and it is completely your right to file an appeal [and] since this has been remanded, they will have to be filed and appealed again. **But you do have 30 days from today to file that appeal to the Pennsylvania Superior Court and** *10 days from today to file post-sentencing motions.*

N.T. Resentencing Hearing, 1/31/23, at 3, 8-9 (emphasis added).

Otey did not file a post-sentence motion. ***See*** Pa.R.Crim.P. 720(A)(1).

He filed a timely notice of appeal, followed by a court-ordered Rule 1925(b)

statement. On appeal, Otey raises the following issues:

1. Whether the sentencing court abused its discretion, erred, and/or infringed on Otey's rights when it entered both individual and consecutive sentences (resulting in an aggregate sentence of 12 ½ to 25 years) that were manifestly excessive to constitute too severe a punishment.

2. Whether the sentencing court abused its discretion, erred, and/or infringed on Otey's rights when it entered a sentence in violation of the Pennsylvania Sentencing Code, 42 Pa.C.S.A. §9701 *et seq.*, requiring that [the court] must "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." ***Id.*** at § 9721(b).

3. Whether the sentencing court abused its discretion, erred, and/or infringed on Otey's rights when it deviated from the sentencing guidelines in a manner that presents a substantial question of excessiveness warranting the Superior Court's review.

4. Whether the sentencing court abused its discretion, erred, and/or infringed on Otey's rights when it entered a sentence that "raises doubts that the trial court did not properly

consider [the] general guidelines provided by the legislature." ***See, e.g.***, ***Commonwealth v. Koehler***, 737 A.2d 225, 244 (Pa. 1999).

5. Whether the sentencing court abused its discretion and/or erred when it entered a sentence that substantially exceeded the aggravated range, but was within the statutory limits, where the court failed to place in the sentencing order or otherwise in the record its reasons for such deviations.

Appellant's Brief, at 7-8.

Upon review, we conclude that Otey has failed to preserve review of his first four claims, all of which challenge the discretionary aspects of his sentence. In order to invoke this Court's jurisdiction to review discretionary aspects of sentence, Otey must satisfy the following four-part test:

(1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) **whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]**; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) (internal citations omitted) (emphasis added). ***See also Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a post-sentence motion. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003).

Here, Otey did not object at sentencing or file a post-sentence motion. We agree with the Commonwealth's argument: "**[a]bsent such efforts an objection to a discretionary aspect of a sentence is waived**." ***Commonwealth v. Griffin***, 65 A.3d 932, 936 (Pa. super. 2015) (internal citations omitted) (emphasis in original). Further, the fact that Otey filed a Rule 1925(b) statement and the trial court issued an opinion does not alter our determination. ***See Commonwealth v. Tejada***, 107 A.3d 788, 799 (Pa. Super. 2015) ("As Tejada preserved none of the arguments in support of his discretionary aspects of sentence claim at sentencing or in his post-sentence motion, they are not subject to our review."); ***see also Commonwealth v. Melendez-Rodriguez***, 856 A.2d 1278, 1288 (Pa. Super. 2004) (en banc) ("[A] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order.").

With respect to Otey's final claim, we find no error. In accordance with section 9721(b) of the Sentencing Code, the sentencing court provided a statement of its reasons for imposing the sentence it did, and in particular, its reasons for deviating from the guidelines. ***See*** Sentencing Statement, 1/31/23, ***supra*** at n.4; ***see also Commonwealth v. Devers***, 546 A.2d 12 (Pa. 1988) (sentencing judge can satisfy disclosure requirement by indicating he has been informed by PSI); 204 Pa. Code § 303.1(d). Accordingly, we affirm Otey's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>12/8/2023</u>