J-S13033-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE RAFAEL SANTIAGO | : | |
| | : | |
| Appellant | : | No. 1844 EDA 2025 |

Appeal from the Judgment of Sentence Entered June 16, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002293-2024

BEFORE: PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED MAY 06, 2026**

Appellant, Jose Rafael Santiago, appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas, following his open guilty plea to third-degree murder and conspiracy to commit robbery.[1] We affirm.

The relevant facts and procedural history of this matter are as follows. Appellant and his co-defendant, Latasha Ann Santiago, are husband and wife. On October 17, 2020, Appellant approached Christian Lopez-Rodriguez and Luis Galarza on the Hamilton Street Bridge in Allentown, Pennsylvania. There was a brief interaction during which Appellant produced a semiautomatic handgun and told both men to "run their pockets." (N.T. Plea Hearing, 5/8/25, at 8).

Mr. Galarza gave Appellant his wallet, which contained $121.00. At that

---

[1] 18 Pa.C.S.A. §§ 2502(c) and 903 (section 3701 related).

time, Mr. Lopez-Rodriguez punched Appellant, who then shot him in the abdomen/pelvis area. Mr. Galarza, who was also armed, attempted to protect his friend by firing back at Appellant, who jumped over the side of the bridge and ran. Later that day, Mr. Lopez-Rodriguez died at the hospital. The shooting was witnessed by several motorists and passengers traveling on the bridge at the time, one of whom witnessed Appellant walking toward an idling gold-colored SUV after jumping from the bridge.

Shortly after the shooting, Appellant presented at a local hospital with a gunshot wound to the thigh, accompanied by Ms. Santiago. Appellant turned over a handgun to hospital security and admitted to police that he had been on the Hamilton Street Bridge when he was shot, and that he ran under the bridge, saw Ms. Santiago, and drove to the hospital in a gold SUV.

Ms. Santiago later confirmed that she had been driving the gold SUV with Appellant as a passenger, and Appellant had requested that she turn the vehicle around on the bridge, stop the car, and wait for him. Ms. Santiago also admitted that she knew Appellant's lifestyle of committing robberies and feared he would end up dead or incarcerated. Ms. Santiago also accepted money from Appellant which she knew had been procured during a robbery. Both Appellant and Ms. Santiago were arrested and charged in connection with Mr. Lopez-Rodriguez's death.

On May 8, 2025, Appellant entered an open guilty plea to third-degree murder and conspiracy to commit robbery. On June 16, 2025, the court

sentenced Appellant to an aggregate term of 30 to 60 years' incarceration.[2]

On July 15, 2025, Appellant timely filed a notice of appeal. On July 16, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On August 4, 2025, Appellant timely complied.

On appeal, Appellant raises the following issue for review:

> Whether the trial court abused its discretion in its sentence for [Appellant] when the sentencing factors here were not compellingly different to justify a statutory maximum sentence for robbery that was substantially outside of the Pennsylvania Sentencing Guidelines?

(Appellant's Brief at 4) (unpaginated).

Appellant argues that the trial court abused its discretion when it imposed statutory maximum sentences consecutively for his murder and robbery convictions. Appellant asserts that the trial court deviated from the guideline sentence of 120 to 240 months solely because of the serious nature of the robbery, which resulted in the death of the victim, which was excessive in light of the mitigating factors Appellant presented at sentencing.

As presented, Appellant's claim challenges the discretionary aspects of sentencing. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive

---

[2] Appellant received the statutory maximum sentence for both charges, which the court imposed consecutively.

challenges discretionary aspects of sentencing); **Commonwealth v. Cruz-Centeno**, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (quoting **Commonwealth v. Hyland**, 875 A.2d 1175, 1183 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005)). "To preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them during sentencing or in a timely post-sentence motion." **Commonwealth v. Feucht**, 955 A.2d 377, 383 (Pa.Super. 2008), *appeal denied*, 600 Pa. 728, 963 A.2d 467 (2008). Objections to the discretionary aspects of a sentence are generally waived if

they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. ***Commonwealth v. Mann***, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

Instantly, Appellant timely filed a notice of appeal and included in his brief a Pa.R.A.P. 2119(f) statement of reasons for allowance of appeal. However, he failed to file a post-sentence motion and did not preserve his discretionary sentencing challenge at his sentencing hearing. Therefore, Appellant failed to preserve his sentencing issue on appeal, and it is waived for our review. ***See id.***[3] Accordingly, we affirm.

Judgment of sentence affirmed.

_____

[3] Even if we were to reach the merits of Appellant's sentencing claim, he would not be entitled to relief. Although Appellant's claim that his sentence was excessive and the court failed to consider mitigating factors arguably raises a substantial question, it is within the court's sound discretion to impose sentences consecutively. ***See Commonwealth v. Caldwell***, 117 A.3d 763, 768-69 (Pa.Super. 2015) (*en banc*). ***See also Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013). As well, where the sentencing court had the benefit of a pre-sentence investigation ("PSI") report, we can presume the court was aware of information regarding the appellant's character and weighed such information along with any mitigating factors. ***See Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa.Super. 2010). ***See also Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa.Super. 2005). Here, the sentencing court had the benefit of a PSI report, and we may presume the court considered the relevant mitigating factors, particularly where Appellant argued them at sentencing. (***See*** N.T. Sentencing, 6/16/25, at 22-24, 29-33); ***Moury, supra***; ***Tirado, supra***. On this record, we cannot say that the court's imposition of maximum consecutive sentences was an abuse of discretion where the victim was shot to death over $121.00. ***See Caldwell, supra***; ***Austin, supra***. Accordingly, Appellant would not be entitled to sentencing relief, even if he had properly preserved his sentencing challenge.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/6/2026